PRICE *et ux. v.* HUNTER *et al.*[1]

(*Circuit Court, E. D. Pennsylvania.* February 8, 1888.)

1. TAXATION—TAXABLE PROPERTY—TRUSTS—STATUTES—REPEAL.
    The Pennsylvania statute of April 22, 1846, (P. L. 486,) which imposes a tax of three mills "upon all property, real or personal, (not taxed under existing laws,) held, owned, used, or invested by any person, company, or corporation. in trust for the use, benefit, or advantage of any other person. company, or corporation," was not repealed by the act of 1879 and its supplements, passed in 1881 and 1885, in so far as it relates to property in Pennsylvania, held by a Pennsylvania corporation in trust for non-residents of the state. The assessment of such a tax upon property so held is within the literal scope of the act 22d April, 1846.
2. SAME—NON-RESIDENT BENEFICIARIES.
    A state has the power to tax property within its boundaries held by a resident trustee for a non-resident *cestui que trust.*

In Equity.

*Richard L. Ashhurst, Angelo T. Fredey, Rowland Evans, William Henry Rawle,* and *R. C. McMurtrie,* for complainants.

*Rufus E. Shapley* and *Wm. S. Kirkpatrick,* Atty. Gen., for respondents.

MCKENNAN, J. The prayer of this bill is for an injunction to restrain the payment or collection, by John Hunter, receiver of taxes, and the other defendants, of a tax ostensibly imposed by the laws of Pennsylvania upon mortgages for about $200,000, held by the Philadelphia Trust & Safe Deposit & Insurance Company, a Pennsylvania corporation, for the benefit of Mrs. Price, one of the complainants, and a non-resident of the state of Pennsylvania. Two questions are involved in the case, upon the decision of which its result depends: *First.* Is the tax complained of authorized by the laws of the state? *Second.* If it is, has the state the power to impose it?

1. It is conceded by the counsel of the defendants that the tax is imposed by the Pennsylvania statute of April 22, 1846, (P. L. 486,) and unless that act is in force and covers it, it has no warrant elsewhere. That act subjects to a tax of three mills "all property, real or personal, (not taxed under existing laws,) held, owned, used, or invested by any person, company, or corporation," in trust for the use, benefit, or advantage of any other person, company, or corporation." Argument or comment cannot make the import of this act any clearer than is expressed in its own unambiguous and comprehensive phraseology. It incontestably enacts that all property held by a trustee in the state, for the benefit of another, shall be subject to the tax imposed, irrespective of the domicile of the beneficiary. But it is urged that this act is repealed by the act of 1879 and its supplements, passed in 1881 and 1885. This, however, is not so. Those acts repeal former acts in so far only as their provisions are inconsistent with those of previous acts. While some of the provisions of the act of 1846 are changed by these subsequent acts, the tax here involved is

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

not referred to, and hence is undisturbed. We are therefore of opinion that the act of 1846 is still in force so far as it relates to the tax complained of, and that the assessment of this tax is within its literal scope.

2. Has the state the power to impose this tax? In several of the state supreme courts this question has been the subject of consideration, and it has uniformly held that property is taxable by the states as against the trustee at his place of residence, where the *cestuis que trustent* are non-residents. *People* v. *Assessors*, 40 N. Y. 154; *Latrobe* v. *Baltimore*, 19 Md. 13; *Catlin* v. *Hall*, 21 Vt. 152; *Dorr* v. *Boston*, 6 Gray, 131. In Pennsylvania, since the act of 1846, the decisions of the supreme court are of similar effect. Thus, in *Borough of Carlisle* v. *Marshall*, 36 Pa. St. 401, where the *cestuis que trustent* were non-residents, and the trustee a resident of the state, the court declares that the fund in the hands of the trustee was taxable for state purposes at his place of residence under the act of 1846. See, also, *West Chester* v. *Darlington*, 38 Pa. St. 157. In the supreme court of the United States no case has been decided involving the question presented here. Correlative questions have arisen, and have been adjudicated, but they do not furnish any authoritative guide to the determination of this case. *State Tax on Foreign-Held Bonds Cases*, 15 Wall. 300, is the leading case of its class. By a law of the state of Pennsylvania, a tax was imposed upon bonds issued by a Pennsylvania railroad corporation, and held and owned by non-residents. It is to be noticed that the legal and beneficial ownership of the subject of taxation were both in another state than Pennsylvania, determinable by the residence of each owner, and hence was beyond the jurisdiction of the latter. The court held that the law was invalid, as impairing the obligation of the contract, between the corporation and its creditors, and that as the *situs* of the property taxed was outside the state, it was beyond her jurisdiction. Speaking of the power of taxation, the court say: "It may touch property in every shape,—in its natural condition, in its manufactured form, and in its various transmutations. It may touch business in the almost infinite forms in which it is conducted,—in professions, in commerce, in manufactures, and in transportation. Unless restrained by provisions of the federal constitution, the power of the mode, form, and extent of taxation is unlimited, when the subjects to which it applies are within her jurisdiction." In the present case, the trust property in question was transferred to the trustee, a Pennsylvania corporation, by two deeds of trust, and by the will of Samuel Harlan, to be held for the benefit of his daughter, Mrs. Price, during life, and then to be paid to her appointees or to her children. The legal title and ownership of the property was thus vested in the trust company, and is under its control, subject only to the terms of the trust. The trustee is domiciled in Pennsylvania, as a creature of its law, and hence the *situs* of the property is in that state, where the trustee resides. It is thus in their own jurisdiction, and within the reach of her taxing power.

The bill is dismissed, at the costs of the complainants.