CASE 28.—CONSOLIDATED ACTIONS BETWEEN KATE L. HIGGINS' TRUSTEE AND THE COMMONWEALTH; FANNIE H. KEMP'S TRUSTEE AND THE CITY OF LEXINGTON AND KITTIE G. FORSYTHE AND THE CITY OF LEXINGTON ON THE QUESTION WHETHER INTANGIBLE PROPERTY IN THE POS-. SESSION OF A TRUSTEE IS LIABLE TO TAXAION. —June 19.

## Higgins v. Commonwealth
## Kemp's Trustee v. City of Lexington
## Forsythe v. Same

| 126 | 211 |
|-----|-----|
| d129 | 827 |
| 126 | 211 |
| f134 | 127 |
| 126 | 211 |
| 138 | 831 |

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From the judgment the plaintiffs appeal.—Af-firmed.

Taxation—Property Liable—Property of Non-residents in Hands of Resident Trustee.—Const. Sec. 172 provides that all prop-erty not exempt shall be assessed for taxation at its fair cash

Higgins v. Commonwealth.

value. Ky. Stats., 1903, c. 108, Sec. 4020, provides that "all real and personal property within the State * * * shall pe subject to taxation, unless the same be exempt from taxation by the Constitution. * · * *" Sec. 4022 provides that "for the purposes of taxation real estate shall include all lands within this State, and improvements thereon; and personal estate shall include every other species and character of property, that which is tangible as well as that which is intangible." Sec. 4058 requires that a trustee list property held by him in such capacity in the name of the real owner. Held, that notes, bonds and other securities owned by non-residents, but in the hands of a resident fiduciary for the purpose of controlling and investing, are taxable at the place of his residence.

J. D. & G. R. HUNT for appellants.

POINTS AND AUTHORITIES CITED.

1. Intangible personal property in the hands of a trustee is taxable at the residence of the real owner of the fund, and not at the residence of the trustee, whether such real owner be a resident or non-resident of the State of Kentucky: Ky. Stats., sec. 4020; City of Lexington v. Fishback's trustee, 109 Ky., 770: 22 Ky. Law Rep., 1392; Harting's ex'or. v. City of Lexington, 19 Ky. Law Rep., 1829; Board of Council of Frankfort v. Fidelity Trust & S. V. Co., 111 Ky., 667; 23 Ky. Law Rep., 908; Deposit Bank of Owensboro v. Daviess County, 102 Ky., 214; Commonwealth of Kentucky v. Bank of Commerce, 81 S. W., 679; 26 Ky. Law Rep., 407; Boske v. Safety Vault Co., 22 Ky. Law Rep., 181; City of Louisville v. Shirley, 80 Ky., 72; Cooley on Taxation, p. 1; Cheaney v. Hooser, 9 B. Mon., 341-6; Lexington v. McQuillan's heirs, 9 Dana, 513; Union Refrigerator Transit Co. v. Commonwealth of Kentucky; Advance Sheet Supreme Court, decided No. —, 1905; Johnson v. City of Lexington, 14 B. Mon., 661; Commonwealth of Kentucky v. Bradley-Watkins Tie Company, 27 Ky. Law Rep., 541; Covington v. Pullman Company, 28 Ky. Law Rep., 200; Ayer & Lord Tie Co. v. Keown, 28 Ky. Law Rep., 201.

2. Intangible personalty held by a trustee for a non-resident is not taxable for city purposes, even though the trustee resides in such city: Ky. Stats., sec. 3174, and cases cited above.

WM. ROGERS CLAY and L. J. MOORE for appellees.

Higgins v. Commonwealth.

POINTS AND AUTHORITIES CITED.

1.   The legislature has provided for the taxation of such property by the State and county, and by municipalities of the second class: Ky. Stats., secs. 4020, 4022, 3174, 3179; Baldwin v. Shine, 84 Ky., 502; Boske, sheriff, v. Security Trust & Safety Vault Co., 22 Ky. Law Rep., 181; Detroit v. Lewis, 109 Mich., 155; in re Ailman, 17 R. I., 362; Guthrie v. Pittsburg, C., C. & St. L. R. Co., 158 Pa. Stats., 433; Whiting's estate, 150 N. Y., 27; Board of Council of town of Nicholasville v. Rarick, 19 Ky. Law Rep., 1415; Youtsey, receiver, v. Commonwealth, 22 Ky. Law Rep., 1914.

2.   The legislature had the power to enact the laws above set out: Cooley on Taxation, 3d ed., vol. 1, p. 86; Am. & Eng Enc. of Law, 1st ed., vol. 22, p. 133; Price v. Hunter, 34 Fed Rep., 355; In Board of Commissioners v. Leonard, 57 Kan., 531; Johnson, sheriff, v. Bradley-Watkins Tie Co., 27 Ky. Law Rep., 540; City of Covington v. Pullman Co., 28 Ky. Law Rep., 200; Bristol v. Washington County, 177 U. S., 141, Law ed. 705; New Orleans v. Stemple, 175 U. S., 317.

3.   The property in question enjoys the protection of the laws, though under the new Constitution the right of taxation no longer depends upon the benefits received by the property: Louisville Bridge Co. v. City of Louisville, 22 Ky. Law Rep., 703; Ayer & Lord Tie Co. v. Keown, Sheriff, 28 Ky. Law Rep., 201.

4.   The cases quoted by counsel for appellant are easily distinguished from the cases under consideration: City of Lexington v. Fishback's trustee, 22 Ky. Law Rep., 1392; Harting's extrx. v. City of Lexington, 19 Ky. Law Rep., 1829; Board of Councilmen of City of Frankfort v. Fidelity Trust and Safety Vault Co., 23 Ky. Law Rep., 908; Baldwin v. Shine, 84 Ky., 502; Youtsey v. Commonwealth, 28 Ky. Law Rep., 914.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

These three appeals, involving substantially the same question of law, will be disposed of together.

Is intangible personal property, such as notes, mortgages, and bonds, held by and in the possession of a trustee in this State, who manages and controls it, liable for taxation for State, city and county purposes, at the residence of the trustee, when the cestui

que trust is a nonresident of the State? The property in question was not temporarily in the State. The trustee in whose custody it was, exercised complete control over it by loaning it out, investing the proceeds, and collecting interest. This being true, the property had an actual situs in this State, and was subject to taxation. The question involved is interesting, important, and practical, because it will directly affect the interests of all nonresidents of this State for whose use and benefit intangible personal property is held by resident fiduciaries. The authority to tax is vested in the State, and the municipality and taxing districts created by it, and is supreme, subject to constitutional and statutory limitations and regulations, and each State is left free to determine for itself the character of property that shall be taxed, the amount of taxes that shall be imposed, and the method of assessing it for taxation. In this State the Constitution designates the property that shall be exempt from taxation, and provides that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and that all property not exempt shall be assessed for taxation at its fair cash value. In pursuance of these constitutional requirements, the General Assembly enacted the system of laws regulating revenue and taxation found in chapter 108 of the Kentucky Statutes of 1903; these laws being in force at the time the property in controversy was sought to be taxed. In section 4020 of this chapter it is provided in part that "all real and personal property within this State * * * shall be subject to taxation, unless the same be exempt from taxation by the Constitution; and shall be assessed at its fair cash value estimated at the price it would bring at a fair volun-

tary sale." Section 4022: "For the purpose of taxation, real estate shall include all lands within this State, and improvements thereon; and personal estate shall include every other species and character of property, that which is tangible as well as that which is intangible." The interrogatories to be propounded by the assessor to each taxpayer, and which shall be answered under oath, require him to state: "Were you on the 15th day of September of the present year executor of a will, or administrator or curator of the estate of any deceased person, or guardian, committee, assignee, commissioner, receiver, or trustee, of any person; or have you in your possession or under your control any property, money, or other thing of value, belonging to any person or corporation?" And, if the answer is in the affirmative, the person is required to list such property separate from his own, and in the name of the real owner, and show by whom listed. It will thus be seen that there is nothing in the Constitution that interferes with the right to tax the property owned by appellants; and that the Legislature by its enactments has expressly provided that it shall be taxed. Therefore, if this property escapes taxation, warrant for so holding must be found outside of the letter of the Constitution and the statutes enacted in pursuance thereof. If property sought to be taxed is in the possession of a resident trustee, it enjoys the benefit of the protection of the laws of the State, and the cities where it is situated; and, as taxation and protection are said to go hand in hand, and be reciprocal obligations, it should bear its proportionate share of the burdens of government, unless some sound reason can be found to exempt it from these obligations.

In view of the importance of the question involved,

and the argument that the judgment of the lower court is in conflict with the decisions of this court, and not in harmony with the current of authority bearing on the question, we will proceed to examine with some care the cases relied on pointing out the difference between them and the one at bar; but, before doing so, wish to observe that it is important to keep in mind the fact that it is the contention of appellants that this property is not subject to taxation for either State, county, or municipal purposes at any place in this State, that it is exempt from and beyond the reach of all our tax laws, and cannot be required to contribute anything to the support of any of the jurisdictions whose protection it enjoys.    In City of Lexington v. Fishback's Trustee, 60 S. W. 727, 22 Ky. Law Rep. 727, 109 Ky. 770, the trustee resided in Fayette county, Ky., the beneficiary in Jefferson county, Ky., and the question before the court, was whether personal property held by a trustee was taxable at the residence of the trustee or of the beneficiary, and the court held it was taxable at the residence of the beneficiary.    In Harting, Ex'r, v. City of Lexington, 43 S. W. 415, 19 Ky. Law Rep. 1829, William Harting devised all of his estate to his widow, Jane Harting, for life, and appointed H. F. Hillenmeyer executor of the will.    Hillenmeyer lived outside the corporate limits of the city of Lexington, whilst Mrs. Harting lived in the city.    The question to be determined was whether the estate held by Mrs. Harting for life should be taxed at her residence or that of Hillenmeyer, and it was held that as the widow was entitled to the use and benefit of the estate during her life, and the law required the life tenant to pay the taxes upon the estate so held, the situs of the intangible personal property was at the place of Mrs.

Harting's residence, and not that of the executor. In Board of Councilmen v. Fidelity Trust & Safety Vault Co., 64 S. W. 470, 23 Ky. Law Rep. 908, 111 Ky. 667, the Frankfort Water Company, a domestic corporation, issued and sold its bonds which were made payable to Grant Green, as trustee, who resided in Frankfort. They were secured by a mortgage upon the property of the water company which was located in Franklin county, but partly within and partly without the city of Frankfort. The bonds were purchased by nonresidents of the State. The trustee never had any interest in, possession of, or control over the property covered by the mortgage, nor had he at any time in his own right or as trustee, or agent, or in any other capacity, the possession, ownership, or control of any of the bonds. In a proceeding by the city to tax these bonds, it was held that they were not liable to taxation; the opinion being rested upon the ground that the settled rule and policy in this State was to tax mortgaged real estate to the mortgagor at the place where it was situated, but the mortgage itself when in the possession of and owned and controlled by a non-resident of the State was not taxable here. In Commonwealth v. Bank of Commerce, 26 Ky. Law Rep. 407, 81 S. W. 679, 118 Ky. 547, and Deposit Bank of Owensboro v. Daviess County, 102 Ky. 214, 19 Ky. Law Rep. 248, 39 S. W. 1030, 44 L. R. A. 825, the banks for reasons fully stated in the opinion, and that in our judgment have no application to the question before us, were held not liable for taxation upon their deposits. In City of Louisville v. Sherley, 80 Ky. 71, 3 Ky. Law Rep. 566, the question before the court was whether the situs of intangible personal property for taxation was at the residence of the guardian or that of the infant wards; the guardian residing in the

city of Louisville, and the wards in Jefferson county, outside of the city. In reaching the conclusion that the property should be taxed at the residence of the wards, the court said: ''While the situs and control of the property may by law be made the test of its being subject to taxation in a particular locality, whether in the hands of the owner or the agent, still the mere fact that a guardian of infants lives within the municipality, while the infants are domiciled in another county or outside the city limits, will not subject their estate in the pockets of the guardian or the vaults of a city bank to taxation for municipal purposes. The safety and value of their estate is as well protected and preserved by the State government as that of the municipality into which it has been carried. They have not sought its protection or claimed its benefits, and were powerless to restrain the guardian from taking this property from the domicile of their father in Jefferson county to his domicile in the city of Louisville. This is not a case where the guardian is conducting a business for the infants, or investing money from nonresidents, nor is it a case where the representative is invested with title to the estate he represents, and, while the case of a personal representative or trustee might present stronger reasons for taxation, we do not determine that such representative would be liable, as the case is not before us.'' In this and other cases announcing the same doctrine it will be observed that both the fiduciary and the beneficial owner of the personal estate were residents of this State; and the only question presented was whether the property should be assessed for taxation at the residence of the fiduciary, or that of the cestui que trust. In the Sherley Case, which is the leading one upon this subject, and the others that have fol-

lowed it, the court adopted the view that, as the property was situated within the State, it was merely a question of construction as to where it should be taxed; and the court, whilst recognizing that the statute might require the fiduciary to list the property, ruled that the taxes should be paid as at the place of the owner. Thus, in the Fishback Case, it is said: "The statute requires that every executor, administrator, guardian, or trustee is required to list property held by him in such capacity separate from his own, and in the name of the real owner, and shown by whom listed. This section is cited by appellant to show that such property is taxable at the residence of the fiduciary, as it seems to require the listing to be at his residence. But, if regarded in this light, it proves too much, for that construction would also make the property of a ward listable and taxable at the residence of the guardian, which this court in the Sherley Case has held was not the law. But we think the requirement is only to prevent property from escaping taxation by reason of the fiudciary and beneficiary having different residences, and to that end is a requirement that the fiduciary shall in the county of his own residence answer the question as to what property, if any, he holds in such capacity, and shall list the property so held by him separate from his own, in the name of the real or beneficial owner, at the place where such property is properly taxable."

It was not sought in these cases to exempt entirely the property from taxation, the only question being the place at which it should be taxed, and the court saw proper to give the statute such a construction as would subject the property to taxation at the residence of the beneficial owner, and this rule of construction has been followed in this class of cases for

so long a time that it has become firmly fixed as part of the fiscal laws of the State, and will not now be disturbed. But the Legislature has left no room for construction as to the situs for taxation of the property sought to be taxed in the cases before us. It has as we have seen in the statutes supra distinctly given a situs to this class of property at the residence of the trustee; and, as the beneficial owner is a nonresident, it follows that the property must be taxed at the residence of the trustee, or not at all. It has never been held that personal property having an actual situs in this State should be exempt from taxation at any place in the State. Thus, in Baldwin v. Shine, 84 Ky. 502, 2 S. W. 164, 8 Ky. Law Rep. 496, personal assets, such as notes and bonds, in the hands of a personal representative who qualified here as administrator of a nonresident decedent, was required to pay taxes upon the assets in his hands. The argument was made that the assets, being mere evidences of indebtedness, had no actual situs, and must be treated as constructively located with the owners and at their domicile in another State, but, after citing the statute, this court said: "It is manifest from these statutory provisions that it was not intended that property should escape taxation by the government which protects it. The word 'owner' in the statute refers to the person in whom the title is vested, either absolute or qualified. Here the estate was taken in charge by the Kentucky administrator. The legal title was in him. The estate followed him and was annexed to his person, thereby having an actual situs in this State by the law of which it was protected. Moreover, it was under the charge of, and had to be distributed through, a court of this State." In Johnson, Sheriff, v. Bradley-Watkins Tie Co., 85

Higgins v. Commonwealth.

S. W. 726, 27 Ky. Law Rep. 540, 120 Ky. 136, it is said that the enactment of the statutes heretofore quoted show "the Legislature had in mind the situs of personal property for taxation, and that they determined that personal estate situated in this State, whether belonging to nonresidents or residents, should be liable for taxation, and that personal estate of persons residing in this State should be liable for taxation whether the property be in or out of the State. There is no rule of fiscal law better settled than that it is within the power of a State to tax all property of which it has jurisdiction, whether the owner reside in the State or is a nonresident; that whether such property is taxable or not is a question of legislative intent, and when the intent to tax is clear, the power to do so is unquestionable." There is, of course, a marked distinction between what is known as corporal personal property, such as live stock, lumber, or other material, and intangible personal property, like notes, bonds, and other securities. And it is generally recognized that tangible personal property has an actual situs at the place where it is located without respect to the domicile of the owner, whereas the situs of intangible personal property for purposes of taxation depends altogether on legislative enactment, or judicial construction. It does not always follow the beneficial owner; but may be taxed at the place where the person resides who has the control and management of the securities, who lends out the money, collects the interest, and exercises other acts of ownership and control over it, and where it may be said to be permanently located, as much so as if the actual owner resided where it was. For many purposes the domicile of the owner is deemed the situs of his personal property, but this is only a fiction

from motives of convenience, and is not of universal application, but yields to the actual situs of the property when justice requires that it should, and is not allowed to be a controlling feature in matters of taxation.    Bristol v. Washington County, 177 U. S. 133, 20 Sup. Ct. 585, 44 L. Ed. 701; New Orleans v. Stemple, 175 U. S. 309, 20 Supp. Ct. 110, 44 L. Ed. 174; City of Detroit v. Lewis, 109 Mich. 155, 66 N. W. 958, 32 L. R. A. 439; Price, etc., v. Hunter, etc. (C. C.) 34 Fed. 355; Finch v. County of York, 19 Neb. 50, 26 N. W. 589, 56 Am. Rep. 741; Redmond v. Rutherford, 87 N. C. 122; In re Jefferson, 35 Minn. 215, 28 N. W. 256; Catlin v. Hull, 21 Vt. 152; Tazewell v. Davenport, 40 Ill. 197.

We therefore conclude that under the statute notes, bonds, and other securities owned by nonresidents, but in the hands of a resident fiduciary or agent, for the purpose of controlling, managing, and investing, are taxable at the place of his residence.    This rule rests upon the ground that the property in the hands of such fiduciary enjoys the protection of the law of the place where he resides, and he is enabled through and under them to protect the property in his care; and such securities should bear their just proportion of the burden of government.   With the wisdom or policy of this law we are not concerned.   That is a matter to be addressed to the legislative department of the government.   It is sufficient for us to know that the legislature has seen proper to provide for the assessment and taxation of this species of property, and to fix its situs for this purpose.

The argument that the imposition of this tax may impose double taxation upon the owner, and thus result in great injustice, as he may be required to list his property at the place of his residence, is entitled

to some consideration, but it cannot be allowed to overthrow or evade the plain provisions of our laws. It is impossible to enact tax laws that will operate equally and justly upon all species of property. The most that can be done is to make them as equitable as practicable, and each State must determine for itself the wisdom and propriety of its own tax laws.

Wherefore the judgments are affirmed.