## Alexander's Exor. v. City of Versailles

(Decided February 20, 1913.)

### Appeal from Woodford Circuit Court.

1. Executors and Administrators—Where Property in Hands of Taxable.—Property in the hands of an executor during the settlement of the estate and before the time for distribution, is taxable in the hands of the executor at his official residence.

2. Executors and Administrators—Official Residence for Purpose of Taxation.—The official residence of the executor for the purposes of taxation is at the residence of the decedent, if in this State; or where he qualifies, if the decedent was a non-resident of the State.

WALLACE & HARRISS, for appellant.

H. A. SCHOBERTH, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Charles Alexander died a resident of Woodford county, on a farm where he had lived for many years prior to his death, outside of the limits of Versailles. He left a will in which Louis Marshall was named as executor. The will was admitted to probate, and Marshall qualified as executor in the Woodford county court in the year 1910. On the first day of April, 1911, the day on which taxes are to be assessed in cities of the fourth class, to which Versailles belongs, he had in his

possession $623 in money and notes amounting to $33,684. Marshall lived in Versailles. On April 1, 1912, he had in his possession $22,220. The estate had not been settled; a suit contesting the will was pending and the amount to which the legatees were entitled was not determined. By reason of the contest of the will it was unsettled as to whether the decedent's estate would pass under his will or under the statute of descent and distribution. Upon this state of facts the question arises, was the estate in the hands of the executor who was a resident of Versailles, taxable by the city? The lower court held that it was taxable in the city as it was the residence and domicile of the executor who was the owner and holder of the fund. The executor appeals.

We have held in several cases that the title to personal property in the hands of the executor before the estate is settled and the amount due to the distributees is determined, is in the executor and that it must be given in for taxation by him. The question to be determined here is whether the estate should be given in for taxation by the executor at the place where he personally resides or at his official residence; and if the latter, where his official residence is?

In Com. v. Peebles, 134 Ky., 121, the testators died residents of the State of Ohio. The executor, Robert Peebles qualified in Ohio in the county of the testator's residence; but he lived in Boyd county, Kentucky. The testators owned certain stocks, and it was attempted to tax this property in Boyd county because Peebles, the executor lived there. Holding that the property was not taxable this court said:

"The estate of the decedent is attached to the person of the personal representative in the place where he qualifies. It is there that he in legal contemplation resides. His official home is in the State under whose laws he derives all his authority. What he does in other States is under and by virtue of this appointment."

Further on in the opinion the court quoted with approval the following from Burroughs on Taxation, section 98:

"The personal property of decedents is taxed at the domicile of the decedent to the person having the legal title, and not in the name of the deceased person. During the settlement of the estate, it must have a situs

somewhere, and none is so appropriate as where the decedent lived.''.

In Camden v. Com., 142 Ky., 365, the facts were these; J. N. Camden, Sr., died, a resident of Parkersburg, West Virginia. J. N. Camden, Jr., who was a devisee under his father's will, resided in Woodford county, Kentucky; and the effort was made to require him to list the estate for taxation in Kentucky, subject to the indebtedness of the testator, and he was the beneficial owner, although the estate was in the hands of a trustee in West Virginia. Denying this contention, the court said:

"There is no more reason why the devisee of a nonresident testator should be required to list for assessment and taxation his interest in the estate pending its settlement and distribution by the personal representative than there would be for requiring a resident devisee to list for assessment and taxation his interest in the estate of a resident testator while the estate was being settled by the resident personal representative. The reason is the same in one case as it would be in the other. In both, it is rested upon the proposition that while the estate is in the hands of the personal representative for settlement and before it is or should be distributed, the heir or devisee cannot know with certainty the amount he will receive.    And during this period the title is deemed to be in the personal representative for purposes of administration and taxation.    It is both convenient and just to the beneficiaries of the estate as well as the taxing authorities that the personal representative in whose custody the estate is and who for the time being takes the place of the decedent, should list the estate for assessment and taxation at the domicile of the decedent.''

In that opinion a number of authorities are collected sustaining the conclusion stated.    The case of Boske, Sheriff v. Safety Trust & Vault Co., 22 R. 181, and Higgins v. Com., 126 Ky., 211, relied on by appellee are discussed in the opinions above referred to by this court, and are not to be considered as conflicting with the conclusion there reached.

It seems to us that the conclusion we have reached is both sound and just.    The estate of the decedent was taxed in his lifetime at his residence.    His personal representative should be deemed to reside officially at the residence of his decedent.    His personal residence may be at one place and his official residence at another.    The

situs of the property for taxation should not depend upon the personal residence of the executor. He derives his authority from the county court which appoints him. He must make his settlement in that county; and it is both fair and just that the liability of the estate for taxes should not depend upon his personal residence. This may be changed from time to time or the executor may be changed, but his official residence remains where he was appointed.

While there is a conflict of authorities on the question (see cases collected in 27 Am. & Eng. Encyc., 653-54, 37 Cyc., 807), we see no reason for departing from the rule we have laid down, which is in accord with the weight of the authorities and seems to us to rest on sound principles.

To sum the matter up our conclusion is that where the decedent resided in this State, the official residence of the personal representative is at the residence of the decedent, and the personal property in his hands is taxable there. Where the decedent resided in another State, and the personal representative qualified in this State, his official residence is in the county or at the place where he qualifies, and the property is taxable there, though he may personally reside in another county.

Judgment reversed and cause remanded for a judgment as above indicated.