GENERAL MOTORS ACCEPTANCE CORPORATION v. LUND.

No. 3785.   Decided June 12, 1922.   (208 Pac. 502.)

1. APPEAL AND ERROR—SUSTAINING OBJECTION TO EVIDENCE AS TO WITNESS' AGENCY FOR FOREIGN CORPORATION HELD NOT PREJUDICIAL, WHERE REPLY IMMATERIAL AS TO QUESTION IN ISSUE. In an action on a note in which defendant alleged that plaintiff was a foreign corporation and had not complied with the statutes authorizing it to do business in the state, sustaining objection to testimony as to witness' agency for corporation, which whether answered in the affirmative or negative would not have determined that plaintiff was doing business in the state, was not prejudicial.

2. EVIDENCE—SUSTAINING OBJECTION TO WITNESS' CONCLUSION PROPER. Sustaining objection to questions that called for a conclusion of a witness proper.

3. CORPORATIONS—FILING SUIT IN STATE COURTS NOT "DOING BUSINESS" WITHIN THE STATE. Filing suit within the courts of this state to recover an indebtedness or to enforce an obligation, is not doing business within the state.[1]

---

[1] *Barse Live Stock Co.* v. *Range V. C. Co.*, 16 Utah, 59, 50 Pac. 630; *Booth & Co.* v. *Weigand*, 30 Utah, 135, 83 Pac. 734, 10 L. R. A. (N. S.) 693; *Home Brewing Co.* v. *American Chemical & Ozokerite Co.*, 58 Utah, 219, 198 Pac. 170.

4. CORPORATIONS—ACCEPTING ASSIGNMENT OF OBLIGATION AGAINST
   CITIZEN OF STATE NOT "DOING BUSINESS" WITHIN STATE. The
   mere act of accepting an assignment of an obligation against
   a citizen of the state by a foreign corporation is not doing busi-
   ness within the contemplation of the law.

5. SALES—WHERE SELLER ENTITLED TO RECOVER POSSESSION OF AU-
   TOMOBILE ON DEFAULT OF PAYMENT, VALUE IMMATERIAL. Where
   the contract gave the assignee of a note, given for the purchase
   of an automobile, the right to possession if default was made
   in payment of the purchase price, and assignee had repossessed
   the property and was in possession at the time of trial of an
   action to recover possession of the automobile, a question as to
   the value of the automobile was immaterial and no error arose
   in directing a verdict for possession of the automobile without
   the court's having determined its value and permitted the
   buyer to either surrender it or pay the value.

Appeal from District Court, First District, Box Elder
County; *A. A. Law*, Judge.

Action by the General Motors Acceptance Corporation
against L. L. Lund. From a judgment for plaintiff, defend-
ant appeals.

AFFIRMED.

*J. D. Call*, of Brigham City, for appellant.

*Young & Davis*, of Brigham City, for respondent.

GIDEON, J.

In this action respondent (plaintiff below) seeks to recover
possession of a certain automobile. Ownership and right of
possession are alleged. Judgment is asked for possession of
the property or for its value if delivery cannot be had.

The answer admits the corporate existence of respondent,
denies its ownership or right of possession of the property in
question. The value is claimed to be different from that
stated in the complaint. As a separate defense it is alleged

that the respondent is a foreign corporation; that it has not complied with the provisions of the statutes of this state authorizing foreign corporations to do business in this state, and that it was at the time of commencing the action doing business in the state. As a counterclaim, appellant alleges ownership of the auto in question; that the respondent had wrongfully and wilfully taken the car from his possession and was still retaining the same. Damages for the wrongful taking and detention are sought.

At the close of the case the court directed a verdict in favor of respondent for possession of the automobile. Motion for new trial was denied. Appellant has assigned error in the exclusion of certain testimony, denying a nonsuit, and directing a verdict for respondent. Error is also assigned in overruling the demurrer and in the form of verdict submitted by the court.

The court's ruling in sustaining the objections to certain testimony is not prejudicial. The first question upon which error is claimed is: "Mr. McClure will you state that you have not taken as agent, these cars at your place of business for the General Motors Acceptance Corporation and now hold them in Tremonton?" The answer to that question in the affirmative or negative could not and would **1, 2** not have determined that the respondent was doing business in this state. The second question upon which error is assigned calls for a conclusion of the witness.

It appears that, on or about the 2d of June, 1920, the appellant purchased an automobile from the Tremonton Auto Sales Company, a partnership engaged in selling automobiles in the town of Tremonton, Box Elder county. A contract was entered into between the parties, at the time in which it was stipulated that the title to the property should remain in the seller until full payment of the purchase price. The contract is what is known as a "title retaining" note or contract. One of the provisions of the contract is:

"In the event of a default of the purchaser in complying with the terms of payment hereof, the seller may take immediate possession of said property, and for this purpose seller may enter upon the premises where said property may be and remove the same;

thereupon all rights of the purchaser hereunder in said property and in the payments theretofore made shall terminate absolutely."

At the time of purchase, and as part of the same transaction, the appellant, as purchaser, executed a promissory note for the unpaid portion of the purchase price payable to the Tremonton Auto Sales Company at the office of the General Motors Acceptance Corporation in San Francisco, California. This contract and note was sold and transferred by the Tremonton Auto Sales Company to the respondent. In the assignment the auto sales company guaranteed the payment of the principal and interest of the note and authorized the respondent to do "every act and thing necessary to collect and discharge the same." It conclusively appears that the third or last installment of the purchase price had not been paid; that demand for payment or return of the auto had been made before the commencement of this action; that such demand had been refused and the balance had not been paid.

It is argued that the respondent cannot maintain this action as it appeared that it was doing business in the state, without having complied with the law permitting foreign corporations to do business in this state. It was not shown that respondent had any interest in the sale of the automobile in question or other automobiles in this state. It became the purchaser of the note from the Tremonton Auto Sales Company under an assignment of the contract and note and a guarantee on the part of the auto sales company to pay the note if the maker failed to do so. The appellant in this case failed to make the payment, respondent instituted this action, by reason of its right, acquired under the assignment, to recover the property.

Filing suit within the courts of this state to recover an indebtedness or to enforce an obligation is not "doing business" within the meaning of the statute. This court has so held in at least three cases. *Barse Live Stock Co.* v. *Range V. C. Co.*, 16 Utah, 59, 50 Pac. 630; *Booth & Co.* v. *Weigand*, 30 Utah, 135, 83 Pac. 734, 10 L. R. A. (N. S.) 693; *Home Brewing Co.* v. *American Chemical & Ozokerite Co.*, 58 Utah 219, 198 Pac. 170. In the last case cited the court says:

"The conclusions reached in the cases cited are to the effect that instituting an action in the courts of this state by a foreign corporation to enforce a contractual right is not doing business within the state."

The mere act of accepting an assignment of an obligation against a citizen of this state is not doing business within the state within the contemplation of the law, *Booth & Co.* v. *Weigand,* supra.

The appellant was given a free rein in an effort to establish a defense to respondent's claim. The dealings of the appellant with the auto sales company, and with a Tremonton bank, were gone into with some detail. It seems that Charles McClure, secretary of the auto sales company, is also president of the banking company. It also appears that the appellant was at the time of the purchase of the auto under contract with a sugar manufacturing company for beets raised on his farm during that year. The relationship of all these transactions was gone into. It is insisted by the appellant that he had given certain orders to the banking company to be paid from money due him from the sugar company, which money was to be used in paying this indebtedness to the respondent. It conclusively appeared, however, that neither the president of the bank (Mr. McClure) nor the banking company had received any funds belonging to appellant with which to pay this indebtedness. It also appeared that said indebtedness had not been paid. Under the contract of purchase, failure to pay the installments when due entitled the holder of the note to repossess the automobile. That fact appearing, there was nothing for the jury to pass upon, and the court was right in directing a verdict for respondent.

The action of the court in directing a verdict for the possession of the automobile is assigned as error, and it is insisted that the court should have determined the value of the car and permitted the appellant to either surrender the auto or pay the value. The contract between the parties gave to the respondent the right to possession of the property if default was made in the payment of the purchase price. True, the prayer of the complaint is in the alternative

but it was made to appear at the trial that, at the date
of the institution of the action, respondent had filed
the necessary affidavit and undertaking and had repossessed
the property and was in possession of it at the time of the
trial. The question of the value of the property was there-
fore immaterial, if plaintiff was entitled to recover its pos-
session.

Judgment of the district court affirmed, with costs.

CORFMAN, C. J., and WEBER, THURMAN, and
FRICK, JJ., concur.