## Smith, et al. v. Knight & Son, Inc., et al.

(Decided October 13, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Corporations—Corporation Purchasing Assets of Another Corporation Held Not Liable for its Debts on Theory of Merger.—Where there is a bona fide sale of corporate assets, for which selling corporation received money, which may be subjected to payment of its liability, purchasing corporation is not liable on theory of merger or consolidation for liabilities of selling corporation.

2. Corporations—One Corporation Not Liable for Debts of Another, Simply Because Stockholders of Each are Largely Same.—Before one corporation is liable for debts of another, it must appear that they are business conduits or alter ego of one another; it being insufficient that stockholders of the two are largely the same.

3. Corporations—Letter Signed by Corporation President Held Not to Estop Denial that Another Corporation was Subsidiary.—Unmailed and undelivered letter, containing statement that one corporation was subsidiary of another, signed by president of latter, held not to estop denial of such relationship.

TRABUE, DOOLAN, HELM & HELM for appellants.

FRED FORCHT for appellee, New Louisville Rendering Company.

GRADDY CARY for appellee, Henry Knight & Son, Incorporated.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellants were brokers in New York. On May 27, 1920, they made a contract with the Louisville Rendering Company to sell it five hundred tons of ground dry

blood at a price fixed in the contract. After this contract was made the market price of ground dry blood depreciated very rapidly and the corporation to whom the Louisville Rendering Company had resold it did not take it. The Louisville Rendering Company then refused to take it or pay for it and the appellants sold it at a heavy loss. In July, 1921, the Louisville Rendering Company went into bankruptcy. Appellants filed no claim against it in the bankruptcy proceedings, but on September 9, 1921, brought this action against Henry Knight & Sons, Incorporated, and the New Louisville Rendering Company to recover their loss on the contract made with the Louisville Rendering Company. The case came on for hearing before a jury and at the conclusion of the evidence the circuit court peremptorily instructed the jury to find for the defendants. The plaintiffs appeal.

1.    The facts as to the New Louisville Rendering Company are these: The Louisville Rendering Company was organized April 19, 1915, with a capital stock of $5,000.00, divided into fifty shares of $100.00 each. Only nine shares were subscribed for by the three incorporators. The company did nothing until 1917, when an amendment of the charter was made increasing the capital stock to $50,000.00. Charles Knight and his father, Henry Knight, subscribed for all the stock of the company except nineteen shares, which were held by other persons. The company then bought land and established a plant for handling grease, flesh and other refuse used in making fertilizers, soap, etc. It also bought such goods on the market and resold them. On an adjoining property the Pero & Stoecker Company had a similar plant and there was sharp competition between the two. In the spring of 1920 propositions were opened to combine the two properties under one management, but nothing definite was done until November 9, 1920, when the plant of the Louisville Rendering Company was destroyed by fire. After this happened the New Louisville Rendering Company was organized. Charles H. Knight had forty-eight shares, W. B. Pero four hundred and seventy-five shares, C. W. Stoecker four hundred and seventy-four shares, Carl M. Zaeh three shares. After the New Louisville Rendering Company was organized, at a meeting of its stockholders a resolution was passed by which it bought the real estate owned by the Louisville

Rendering Company, one Reo automobile truck and one boiler in consideration of the sum of $4,500.00, payable in forty-five shares of the capital stock of the new company of the par value of $4,500.00. The old company made a deed to the new company for the land and delivered to it the truck and the boiler. There is no evidence that the price paid was not the fair value of the property. After this sale the old company had on hand another boiler, a quantity of grease, which it subsequently sold at 2½c a pound. It had an insurance policy for $1,800.00 and claimed $30,000.00 of other insurance which afterwards turned out not to be in force. The forty-five shares of stock in the new company was held by the old company until it went into bankruptcy; it was then turned over to the trustee in bankruptcy and was sold with its other assets then on hand.

So far as appears the purchase by the new company was in good faith and with no purpose to defeat creditors. There was no merger or consolidation of the two corporations. The stockholders of the old corporation were not issued stock in the new corporation, but the stock was issued to the old corporation and was held by it. The case falls within the rule laid down in American Railway Express Company v. Commonwealth, 190 Ky. 636, where the court, after stating that the new corporation is liable where there has been a merger or consolidation of the two corporations, said this:

> "It is equally well settled that when the sale is a *bona fide* transaction, and the selling corporation receives money to pay its debts, or property that may be subjected to the payment of its debts and liabilities equal to the fair value of the property conveyed by it, the purchasing corporation will not in the absence of a contract obligation or actual fraud of some substantial character be held responsible for the debts or liabilities of the selling corporation."

We therefore conclude that the circuit court properly instructed the jury peremptorily to find for the New Louisville Rendering Company.

2. The facts as to Henry Knight & Son are these:

Henry Knight & Son is a corporation, the principal stockholders of which are Henry Knight and his son, Charles Knight. The corporation has been in business

for many years, doing a live stock commission business at the Bourbon Stock Yards in Louisville. The Louisville Rendering Company was engaged in the business of rendering dead animals. Its plant was several miles from the stock yards and was operated by officers of its own. The corporation Henry Knight & Son owned no stock in it, although Henry Knight and Charles Knight owned a large block of stock, but each of the corporations had its own directors, and one corporation can not be held liable for the debts of another because the stockholders in the two corporations are largely the same. There is no evidence in the record that the Henry Knight & Son corporation in any way controlled the Louisville Rendering Company, although it appears that it at times made loans to it.

In order to hold one corporation liable for the debts of another it must appear that they are the business conduits or the *alter ego* of one another. (Fletcher's Cyc. of Corporations, vol. 1, page 63.) The facts shown here are no stronger than in Louisville Gas Company v. Kaufman, 105 Ky. 131, where no liability was held to attach to the other corporation. Gravel Switch Telephone Co. v. The Lebanon Telephone Co., 139 Ky. 151.

Appellant introduced on the trial a letter addressed by Henry Knight & Son to the Commissioner of Internal Revenue, which was signed by Henry Knight. This letter contained statements to the effect that the Louisville Rendering Company and other companies were subsidiaries of the corporation Henry Knight & Son, and that it was the sole owner of these companies. But the proof showed that this letter was never mailed; that it was found to be incorrect and for that reason it was never sent. It is urged that Henry Knight & Son is bound by the paper because Henry Knight as president signed it without reading it. It has been held that a person who signs and delivers a contract without reading it is bound by it, but this rule is based not only upon his signing the paper but his delivering the paper. In the case at bar although Henry Knight signed the paper it was never delivered. It continued to be his paper and the statements in the paper being made by mistake there is no estoppel. The federal tax law permits the filing of consolidated returns where a majority of the stock of one corporation is held by persons holding a majority of the stock of another corporation although the two corporations have no business connections. This paper was pre-

pared evidently under this statute and it was not filed, as shown by the proof, because it stated the facts incorrectly and the true facts brought the case within the statute.

It also appears that in the bankruptcy court a claim in favor of the corporation Henry Knight & Son for $43,000.00 was listed among the liabilities of the Louisville Rendering Company. But it also appears that afterwards this was corrected and set out as the claim of the Kentucky By-Products Company. The facts as to these two companies being shown by the evidence the court properly gave the peremptory instruction in favor of the corporation Henry Knight & Son.

Judgment affirmed.