## Louisville Gas & Electric Company v. Moore.

(Decided June 22, 1926.)

## Appeal from Floyd Circuit Court.

1. Witnesses.—Testimony that same bunch of men worked for both corporations so far as witness knew held incompetent, witness not showing knowledge on the subject.

2. Evidence.—Witness' understanding that gas company had gone into hands of another company held incompetent, as facts and not witness' understanding must be proved.

3. Corporations—Evidence Held Not to Show that Oil and Gas Company which Leased Gas Privilege was Mere Conduit for Purchase of Gas by Distributing Company, so as to Make Latter Liable for Lessee's Wrongful Destruction of Flow of Gas.—Evidence that oil and gas corporation, which leased gas privilege from plaintiffs, had separate board of directors and maintained distinct organization from that of distributing corporation which purchased gas from leasing company, held to show that lessee was not a mere conduit for purchase of gas by distributing corporation, so that legal fiction of distinct corporate existence could be disregarded, and hence distributing corporation was not liable for lessee's wrongful destruction of flow of gas from wells.

4. Corporations.—Fact that one corporation owned stock in another does not make it liable for wrongs of other company.

MATT O'DOHERTY, COMBS & COMBS and JOS. D. HARKINS for appellant.

MAY, ALLEN & MAYO for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On August 12, 1920, Kendall Moore and his wife executed to the Pennagrade Oil & Gas Company an oil and gas lease, covering about twenty-eight acres of land on Beaver creek in Floyd county. The consideration of the lease was a royalty of one-eighth of the oil and $375.00 a year for each gas well while the gas was being sold or used. Later in the year 1920 the lessee entered upon the premises and drilled two gas wells, which were connected with the pipe line of the Louisville Gas & Electric Company, to whom the gas was sold. On March 28, 1923, Kendall Moore and his wife brought this action against the Pennagrade Oil & Gas Company and the Louisville Gas & Electric Company, alleging that the defendants had negligently and wrongfully destroyed

the flow of gas from the wells to their damage in the sum of $25,000.00. The defendants filed answer controverting the allegations of the petition. The case came on for trial; at the conclusion of the evidence for the plaintiff and on all the evidence the Louisville Gas & Electric Company moved the court to instruct the jury peremptorily to find for it. The motion was overruled and the case being submitted to the jury there was a verdict and judgment in favor of the plaintiff against both of the defendants for $7,500.00. The Louisville Gas & Electric Company appeals.

The lease was made to the Pennagrade Oil & Gas Company. The contract to put down the wells was made by it with the drilling contractor and he was paid for his work by it. Its superintendent supervised the drilling and there is no proof that the Louisville Gas & Electric Company had anything to do with the work complained of. The gas was delivered to it under a contract between it and the other company, but there is no proof showing that it had anything to do with the gas until it was delivered to it. The only facts shown to connect it in any way with the transaction is some proof that the same men represented both companies in Floyd county and that the Louisville Company owned stock in the Pennagrade Company. To illustrate: Mr. Moore testified as follows:

"Q. Mr. Moore, tell the jury whether or not the same employees that worked for the Ivyton Oil and Gas Company and the Pennagrade Oil & Gas Company also work for the Louisville Gas & Electric Company? (Defendants objected, the court over-ruled the objection, to which defendants excepted.)

"A. It is the same bunch of men works for all of them all over the country so far as I know about it."

Townsel Combs testified as follows:

"Q. Mr. Combs, you say that the Louisville Gas & Electric Company or the Pennagrade Oil & Gas Company, or that they have—who do you mean has, was it the Pennagrade Oil & Gas Company or the Louisville Gas & Electric Company?"

"A. I can't keep up with the transfers of the companies. When it started out it had a sign over the door of Pennagrade Oil & Gas Company; later

Kentucky Coke Company. It has been my under-
standing these have gone into the hands of the Louis-
ville Gas. & Electric Company. (Defendants ob-
jected to and moved to exclude the answer. The
court overruled the motion, to which defendants ex-
cepted.)''

Testimony of Moore, ''so far as I know about it,''
was incompetent as he did not show that he had any
knowledge on the subject. The understanding of Combs
was also incompetent. The facts and not the understand-
ing of the witness must be proved. But the facts if pro-
perly proved established nothing. In Louisville Railway
Company v. Wiggington, 156 Ky. 400, this court, follow-
ing a number of former opinions, thus stated the rule
where the same officers represented both corporations:

> ''Two corporations may, though operated by the
> same officers, be entirely distinct. The articles of
> incorporation of the Louisville and Interurban Rail-
> way Company are in the record and show that its
> stock was regularly subscribed by certain indi-
> viduals. It is a going concern, doing business regu-
> larly and may be sued for any liability incurred by
> it; but the Louisville Railway Company is not on
> the facts shown liable for its defaults.''

It is also well settled that the fact that one corpora-
tion owned stock in another does not make it liable for
the wrongs of the other company, Louisville Gas Co. v.
Kaufman Strauss Co. 105 Ky. 131; Gravel Switch Tele-
phone Co. v. Lebanon Telephone Co., 139 Ky. 151; Pull-
man Palace Car Co. v. Mo. Pacific Ry. Co., 115 U. S. 587;
Peterson v. Chicago &c., Railroad Co., 205 U. S. 364; U.
S. v. Delaware, &c., R. Co., 238 U. S. 516. In vol. 1,
Fletcher, Cyclopedia Corporations, p. 63, sec. 45, the rule
is thus stated:

> ''The legal fiction of distinct corporate exist-
> ence may also be disregarded in a case where a cor-
> poration is so organized and controlled, and its
> affairs are so conducted, as to make it merely an
> instrumentality, conduit or adjunct of another cor-
> poration. It is not enough, however, that share-
> holders in the corporation are identical. Nor is it
> enough that one corporation owns shares in the other
> and that they have interrelated dealings. In order

to warrant treating them as one, it must further appear that they are the business conduits and the *alter ego* of one another."

To same effect see Harbison, &c., Co. v. McFarland, 156 Ky. 44; Smith v. Knight & Son, 211 Ky. 111; Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294; Chicago, &c., R. Co. v. Minneapolis Association, 247 U. S. 490.

But there is absolutely nothing in the evidence bringing the case within this rule. The Louisville company is simply the purchaser of the gas from the Pennagrade Company. Each has its separate board of directors and each maintains a distinct organization. The business of one company is to transport gas to Louisville and sell it there. The business of the other company is to put down wells and get the gas to sell to the other company. The court should, therefore, have instructed the jury peremptorily to find for the Louisville Gas & Electric Company. This conclusion makes it unnecessary for the court to consider any other question raised on the appeal and all these are reserved.

The only appellant named in the statement of appeal is the Louisville Gas & Electric Company. The Pennagrade Oil & Gas Company is not named in the statement of appeal and is not before the court thereon. No questions affecting its rights are determined.

Judgment reversed and cause remanded for a new trial.