## Board of Tax Supervisors of Jefferson County v. Baldwin Piano Co.

Feb. 18, 1944.

674

Lawrence S. Grauman for appellants.

Doolan, Helm, Stites & Wood for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The question presented on this appeal is whether or not $78,701 of intangible "receivables" in the form of notes, accounts and sales contracts owned by the Baldwin Company, an Ohio corporation not qualified to do business in this State, was subject to assessment on July 1, 1941, for state ad valorem taxes. The Board of Tax Supervisors of Jefferson County assessed them and on appeal to the Jefferson Quarterly Court the board's action was sustained. An appeal was then taken to the Jefferson Circuit Court where the case was submitted on an agreed statement of facts and

judgment was entered holding the assessment void. This appeal followed.

There is no controversy as to the value of the intangibles and all other essential facts are covered by a stipulation which we will concisely state. The Baldwin Company (hereinafter referred to as Baldwin), a manufacturer of musical instruments, is an Ohio corporation with its chief office in Cincinnati and has not qualified to do business in Kentucky. The Baldwin Piano Company (hereinafter referred to as Piano) is likewise an Ohio corporation with its chief. office at the same address as Baldwin in Cincinnati. Piano is engaged in selling musical instruments in Ohio, Kentucky and other states. It is qualified to do business in Kentucky and keeps on hand at its place of business in Louisville a stock of musical instruments which it listed for assessments as of July 1, 1941.

All the capital stock of Piano, except qualifying shares of directors, is owned by Baldwin and the former purchases its merchandise from the latter on credit. When Piano. sells a musical instrument, the contract or account arising from the transaction is sold by it to Baldwin as credit on account for the musical instruments purchased; and if collection is not made, the paper is charged back to Piano on its endorsement. These receivables become the property of Baldwin and are kept in its office in Cincinnati, but it furnishes data to Piano at the latter's Louisville office showing the condition of the sales accounts. Likewise, Piano in its Louisville office keeps a record of receivables sold, which may be paid direct to Baldwin in Cincinnati or through Piano in Louisville; but if the latter collects the money, it is immediately paid to the former. None of the receivables assessed by the Board of Tax Supervisors appear on the books of Piano, nor are they reflected in its balance sheet.

Appellants argue two propositions. First, these intangibles have a business situs in Kentucky, therefore. they are taxable in this State. Second, Piano is but a sham corporation organized by Baldwin and the latter is conducting its business in Kentucky through the former and this court should disregard their separate corporate entities and treat them as a unit to prevent a fraud being perpetrated on this State in the collection of taxes.

It is not necessary in this opinion to give the judicial and legislative history of the business situs doctrine in this jurisdiction applicable to intangibles for the purpose of taxation since the subject was comprehensively covered in the recent case of Com. v. Sun Life Assurance Co. of Canada, 294 Ky. 19, 170 S. W. (2d) 890. It will suffice to say that the doctrine was recognized in Higgins v. Com., 126 Ky. 211, 103 S. W. 306, and in Com. v. R. G. Dun & Co., 126 Ky. 108, 102 S. W. 859, 10 L. R. A. N. S., 920, both decided in June 1907, which were in effect overruled at the following 1908 session of the General Assembly when it amended KS sec. 4020 (Chapter 47, sec. 2 page 122, Acts of 1908). However, the business situs doctrine was re-established by the General Assembly in 1938 when it amended KS sec. 4020 (Chapter 6, page 1026, Acts of 1938, 1st Ex. Sess.) now included in KRS 132.190, which subjected to taxation ''All real and personal property within this state, including intangible personal property of non-residents and corporations not organized under the laws of this state that has acquired a business situs within this state * * *.''

The rule in this jurisdiction is that intangibles such as notes, accounts receivable, bonds and other like securities owned by a non-resident, which are not just temporarily brought into the State but are being held here by a fiduciary or other agent, who controls, manages and invests them in the owner's business in Kentucky so that they become an integral part thereof, acquire a location or situs in this State for business purposes and are taxable. Higgins v. Com., 126 Ky. 211, 103 S. W. 306; Com. v. R. G. Dun & Co., 126 Ky. 108, 102 S. W. 859, 10 L. R. A. N. S., 920; City of Henderson v. Barret's Ex'r, 152 Ky. 648, 153 S. W. 992; Com. v. Madden Ex'r, 265 Ky. 684, 97 S. W. (2d) 561, 107 A. L. R. 1379. But if such intangibles are only temporarily in this State in the agent's or fiduciary's possession and he does not use them in the owner's business in Kentucky and has no control over them except to forward the intangibles to the owner within a reasonable time or in the ordinary course of business, then such intangibles do not become an integral part of the owner's business and are not localized in Kentucky and are not taxable. Hillman Land & Iron Co. v. Com., 148 Ky. 331, 146 S. W. 776, L. R. A. 1915C, 929; American Barge Line Co. v. Board of Supervisors, 246 Ky. 573, 55 S. W.

(2d) 416; Com. v. Northwestern Mutual Life Ins. Co., 107 S. W. 233, 32 Ky. Law Rep. 796. The business situs doctrine is recognized in other jurisdictions, both federal and state, as will be seen from an examination of Wheeling Steel Corporation v. Fox, 298 U. S. 193, 56 S. Ct. 773, 80 L. Ed. 1143; Beidler v. South Carolina Tax Comm. 282 U. S. 1, 51 S. Ct. 54, 75 L. Ed. 131. Davis & Worrell v. Gen. Motors, etc., Corp., 153 Ark. 626, 241 S. W. 44; Westinghouse, etc., Co. v. Los Angeles County, 188 Cal. 491, 205 P. 1076; Gen. Motors, etc., Corp. v. Lund, 60 Utah 247, 208 P. 502; State v. Atlantic Oil Co., 174 Okl. 61, 49 P. (2d) 534; Com. v. Appalachian Electric Power Co., 159 Va. 462, 166 S. E. 461.

Applying the rule to the facts in the instant case we do not hesitate to say that these receivables did not become localized in Kentucky or have a business situs in the State. They were not the proceeds of Baldwin's manufacturing business but of Piano's sales business and had no connection with any business transacted in Kentucky by Baldwin, which in fact transacted no business here, but were sold and transferred to the latter and immediately forwarded to its office in Cincinnati. The fact that Piano kept a record of the transactions with Baldwin and was held liable on its endorsement for any bad paper does not give the receivables a local situs. American Barge Line Co. v. Board of Sup'rs, 247 Ky. 573, 55 S. W. (2d) 416.

As Baldwin owns all the stock in Piano, except a few qualifying shares held by directors, appellants insist that the latter was used as a cloak to defraud Kentucky out of taxes and we should treat the two companies as one corporate entity, citing Thompson on Corporations, Vol. 1, 3rd Ed., sec. 10, p. 16, and Harlan Public Service Co. v. Eastern Const. Co., 254 Ky. 135, 71 S. W. (2d) 24. These authorities state the almost universal rule that while courts recognize where the stock of two corporations is owned by the same stockholders, or where the stock of one is owned by the other, this fact does not create an identity of corporate interests, yet the courts will not be blinded by mere form and will see the substance and refuse to recognize separate corporate entities where one company is using the other as a shield against fraudulent acts or to supervene the policy of the state. Lowry, etc., Co. v. Turley, etc., Co., 248 Ky. 285, 58 S. W. (2d) 591; Chicago, M. & St. P. R. Co. v. Minneapolis, etc., Ass'n, 247 U. S. 490,

38 S. Ct. 553, 62 L. Ed. 1229; Louisville Gas & Electric Co. v. Moore, 215 Ky. 273, 284 S. W. 1082; Kentucky Electric Power Co. v. Norton Coal Mining Co., 6 Cir., 93 F. (2d) 923.

Here Piano was not formed to shield Baldwin from liability for fraud or unethical business transactions. While not contained in the stipulation, it is stated in appellee's brief, and not denied, that Piano was organized in 1892 and Baldwin in 1898, the latter being the manufacturing company while the former is the sales company. Piano was not the mere agent or instrumentality of Baldwin, nor were the business affairs between them fictional, nor was the method of doing business a plan to illegally evade taxes. The case at bar is not greatly unlike Ayer & Lord Tie Co. v. Com., 208 Ky. 606, 271 S. W. 693, where this court held the fact that one corporation by merely owning the stock of the other did not make either the agent of the other or merge the two into one corporation. In that case the parent corporation owned the stock of the subsidiary which was organized for the purpose of treating the former's ties, and we held each retained its corporate entity and the parent company was not entitled to the tax rate of a manufacturing company under KS sec. 4019a-10 (now KRS 132.200) by reason of owning the stock of the latter which was engaged in manufacturing.

The judgment is affirmed.

The whole Court sitting.