## Hagy et al. v. McGuire et al., Appellants.

*Contract—Evidence.*

By a contract in writing the defendants James and Charles McGuire agreed to consign all lumber which they manufactured, or that they purchased in the south, to the plaintiffs, who were constituted the sole agents for that purpose. The defendants agreed to ship, and the plaintiffs agreed to sell, at least 50,000 feet per week, and this agreement was to continue as long as the defendants trading as the ——— Lumber Company or under any other name should make, work, or manufacture lumber in the Southern states. In the first part of the agreement the defendants were described as trading as the Tar River Lumber Co. In the other parts before the words "Lumber Company," there was a blank. In an action for a breach of this contract, it was proper to admit evidence that the defendants organized the Southern Lumber Company, and under its name manufactured lumber and shipped it to other parties from the South.

Argued Jan. 6, 1892. Appeal, No. 314, Jan. T., 1891, by defendants, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1888, No 874, on a verdict for plaintiffs. Before PAXSON, C, J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHell and HEYDRICK, JJ.

Assumpsit by J. Milton Hagy and John H. Blye, trading as Hagy & Blye against Charles A. McGuire and James McGuire. At the trial the following facts appeared. On March 3, 1888, an agreement in writing was entered into between the plaintiffs and defendants by which the plaintiffs were made the full agents for the sale of "all lumber made, worked, or manufactured by the defendants in the Southern states." The defendants were to manufacture shingles and lumber as directed by the plaintiffs, and to sell them to no other parties.

They were to consign all lumber that they purchased in the South to plaintiffs; they were to manufacture and consign at least fifty thousand feet per week. The plaintiffs, on their part, agreed to sell on an average fifty thousand feet a week of lumber. They were to receive for the sales of lumber ten per cent, and for the sales of shingles one half of the difference between the gross sum received and the estimated cost of production, which was to be fixed by agreement between the parties. This agreement was to continue as long as James and Charles Maguire or their successors, as James and Charles

Maguire, trading as the ——— Lumber Company, or under any other name, should make, work or manufacture lumber in the Southern states.

In the first part of the written contract the defendants are referred to as James and Charles McGuire trading as The Tar River Lumber Company. In the other part before the words "Lumber Company" there was a blank, not filled up but ruled in.

Under this agreement no lumber was ever consigned to the plaintiffs. The plaintiffs introduced evidence which tended to show that they frequently demanded shipments of lumber, and were frequently promised them by defendant; that they had orders for lumber which they could have filled, and they could have sold the whole amount of lumber to which they were entitled under the terms of the agreement, and thereby earned their commission; that the defendants under another name manufactured and shipped lumber to other parties from the South; that in May, 1888, the defendants purchased land to establish a mill at Suffolk, Va. In August of the same year they obtained a charter for the Southern Lumber Company, and in April of the following year, April, 1889, the land previously purchased was conveyed to the Southern Land Company, and that company was then organized. All the stock of the company except three shares was taken by James and Charles Maguire.

Various offers of evidence were made as to the organization, transactions and dealings of the Southern Lumber Company, and as to the dealings of the defendants under other firm names. Objections to the admission of this evidence were overruled under exceptions. [3–8]

The defendant presented the following points, all of which the court refused:

2. There being no evidence before the jury that the defendants, or either of them, are engaged in manufacturing lumber from the south, but are engaged in the business they have been carrying on for years, the plaintiffs cannot recover in this action.

3. The plaintiffs never having given any order or direction to the defendants to consign any manufactured lumber to any

one, they have made no sales, and therefore are not entitled to any commission, and the verdict must be for the defendants.

4. That the undisputed testimony that lumber is never shipped in the manner as alleged to have been ordered by the plaintiffs' letter to ship or consign fifty thousand feet is evidence that there were no sales made by the plaintiffs, and they are not entitled to recover.

5. That the letter of September 19, 1889, directing the defendants to send fifty thousand feet of lumber is so vague and indefinite as to character and quality to be delivered that it cannot be considered as an order as contemplated by the agreement and the custom of the trade, and the defendants were not bound to send to the plaintiffs all the lumber they manufactured, and therefore are not responsible to the plaintiffs on all the lumber they manufactured, and the plaintiffs are not entitled to recover.

6. No time being set for the continuance of this agreement is an evidence or corroboration of the defendants that this agreement was preliminary to some other agreement which was only to be enforced when the plaintiffs had secured the lumber as stated by the defendants.

7. The fact that no time is mentioned for the continuance of this agreement makes it one which is against the public policy and cannot be enforced, and therefore the verdict must be for the defendants.

8. That this agreement cannot be enforced against James and Charles A. Maguire, the defendants, because they made it not as individuals, but as the Tar River Lumber Company, and plaintiffs are not entitled to recover.

9. That the suit should have been brought against the Tar River Lumber Company, and having been brought against the defendants individually the plaintiffs cannot recover.

10. That the plaintiffs being merely selling-agents for the Tar River Company they can only recover the commission upon what they actually sold or contracted to sell for the Tar River Lumber Company.

11. That no commissions were to be paid unless the lumber was sold according to the terms of the contract, and plaintiffs having failed to do so they cannot recover.

12. That the undisputed fact is that all the lumber sold was

manufactured by the Southern Lumber Company and sold by its agents, and not by the defendants, and therefore the plaintiffs cannot recover.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned,* were (3–8) the admission of various evidence, but not setting forth under the assignments either the offers, the objections or the evidence admitted; (10) the refusal of defendant's points as above, quoting the points all under one assignment.

*George Northrop,* for appellant.

*John G. Johnson, Thomas Diehl* with him, for appellee.

PER CURIAM, January 25, 1892.

The questions of fact in this case were properly submitted to the jury, and have been found against the appellants. We find nothing to criticise in the rulings of the learned judge below, either upon questions of evidence or the answers to points. Whether the Southern Lumber Co. was organized by the defendants in order to evade a compliance with their contract with the plaintiffs of March 3, 1883, was the pivotal fact in the case. It was not pretended that the appellants ever complied with this contract, or had attempted to do so. The evidence submitted upon this question fully justified the verdict.

Judgment affirmed.