## Lowry Watkins Mortgage Co. v. Turley-Bullington Mortgage Co.

(Decided March 21, 1933.)

(Common Pleas Branch, Fourth Division).

CARY TABB and PETER, LEE, TABB, KREIGER & HEYBURN for appellant.

J. H. GOLD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On November 19, 1927, the Jefferson Mortgage Company, a corporation, executed and delivered to the Turley-Bullington Mortgage Company, also a corporation, a note for $500, due in 30 days and bearing interest from maturity. Thereafter, Lowry Watkins purchased practically all the capital stock of the Jefferson Mortgage Company, and, by amended articles of incorporation, its corporate name was changed to Lowry Watkins Mortgage Company.

The Turley-Bullington Company instituted this action against Lowry Watkins and E. C. Moon, seeking to recover on the note, and in separate paragraphs of its petition set up other claims. The court dismissed all of the petition except the first paragraph. In addition to the allegations necessary to state a cause of action on the note as against the Lowry Watkins Mortgage Company, it was alleged that by a written agreement dated January 21, 1928, Lowry Watkins and E. C. Moon agreed to pay the note with accrued interest.

By joint answer, set-off, and counterclaim, defendants the Lowry Watkins Mortgage Company and Lowry Watkins alleged in substance that under the agreement referred to in the petition dated January 21, 1928, and a supplemental agreement dated May 9, 1928, Lowry Watkins purchased from T. J. Turley and J. P. Bullington of Memphis, Tenn., 225 shares of the stock of the Jefferson Mortgage Company for $2,500 cash, the amount which they had paid on their subscription for the stock and assumed their further liabilities thereon. By the terms of the agreement, Turley and Bullington guaranteed the correctness of an audit purporting to show the assets and liabilities of the Jefferson Mortgage Company. It is alleged that the audit included in the list of assets an item of interest amounting to

$891.96, which proved to be worthless, and that the defendant company had been forced to expend in attorney's fees the sum of $250 in an attempt to realize on notes which Turley and Bullington represented would be taken by the New York Life Insurance Company, but which it refused; that the defendant company was also required to pay corporate license and other taxes not shown in the audit in the sum of $147.50. It is further alleged that Moon was not a party to the supplemental agreement because Watkins had bought his part of the stock, and that Watkins is now the owner of all the stock of the Lowry Watkins Mortgage Company except such shares as are held by directors for the purpose of complying with the statute; that Turley and Bullington own practically all the stock of the Turley-Bullington Mortgage Company and are the officers of and manage, control, and dominate it; that they are the real parties in interest in the action and any money recovered would inure to their benefit; that they are nonresidents of this state and have avoided subjecting themselves to the jurisdiction of the court because of the knowledge that their guaranty has failed, and that Lowry Watkins and the Lowry Watkins Mortgage Company have the aforementioned claims against them; that, if plaintiff is permitted to recover judgment on the notes sued on before Turley and Bullington are required to pay the sums due under their guaranty as set out in the answer, a fraud will be perpetrated upon the answering defendants. They asked that the petition be dismissed, and that they have judgment for the various amounts set out in their answer and alleged to be due because of the failure on the guaranty made in the contract between Turley and Bullington and Lowry Watkins when he purchased their stock in the Jefferson Mortgage Company.

The court sustained a demurrer to the answer, counterclaim, and set-off as amended, and, upon defendants' refusal to further plead, it was dismissed and it was adjudged that plaintiff recover the amount due on the note. Defendants are appealing.

It is earnestly insisted by counsel for appellant that the circumstances shown by pleading are such as to authorize the application of the rule laid down in Fletcher's Cyclopedia of the Law of Private Corporations that, "* * * when the corporation is the mere

alter ego, or business conduit of a person, it may be disregarded."

While courts are not in full agreement concerning the distinctive attributes of a corporation, this court has consistently adhered to the theory that it is a legal entity, distinct from the stockholders and officers who compose it and irrespective of the individual who owns its stock. Commonwealth v. Muir, 170 Ky. 435, 186 S. W. 194; Fayette Realty & Finance Co. v. Commonwealth, 229 Ky. 556, 17 S. W. (2d) 722, and in the former case it is pointed out that the inclination on the part of some to apply to corporations rules applicable to partnerships has resulted in confusion and is contrary to the established rules of law. However, as is clearly indicated in that and in later opinions, the general rule has not been held in such sacred regard by this court as to blind it to the growing evil of bogus or dummy corporations organized and controlled for the sole purpose of evading penalties of the law or contractual or other obligations which would otherwise attach.

This court in harmony with the trend of thought and opinion in recent years has not hesitated to make an exception to the general rule when necessary to circumvent fraud, but has looked beyond the form or shadow of the pretended corporation to those in whose individual interest it was organized and is operated.

From the foregoing it will be seen that the only question for determination is whether the allegations of appellant's answer, set-off, and counterclaim are such as to bring this case within the exception to the general rule. Prominent among the cases relied on by counsel for appellant is that of Louisville & N. Ry. Co. v. Carter, 226 Ky. 561, 10 S. W. (2d) 1064. In that case the court was dealing with a corporation organized in the interest of and absolutely controlled and dominated by another corporation for the sole and only purpose of enabling the latter to do by indirection that which it was forbidden to do directly by the law and the courts. While it is typical of cases warranting application of the exception to the general rule, it is not difficult to see that it is neither directly in point nor analogous to the case at bar. In the case of Moore & Handley Hdwe. Co. v. Howers Hdwe. Co., 87 Ala. 206, 6 So. 41, 13 Am. St. Rep. 23, it was held that, where a

person contracts to refrain from doing a certain act, he cannot evade his contract by doing that act through a corporation formed and controlled by him; and in Hagy v. McGuire, 147 Pa. 187, 23 A. 806, it was held that a contract to sell all of a product manufactured through a certain agent might not be evaded by forming a corporation for the purpose of selling through it.

We might go on at length quoting from no less eminent authorities to illustrate the character of cases warranting a disregard of the general rule, but that is unnecessary since the cases cited disclose the underlying purpose of the exception to the rule and clearly indicate the extent of its application.

It is alleged that Turley and Bullington owned practically all the stock of the Turley-Bullington Mortgage Company, but is not alleged that others holding the remaining stock are not bona fide stockholders in the corporation, nor is it alleged that they are or were in any way concerned in the transaction whereby Turley and Bullington disposed of their stock in the Jefferson Mortgage Company to Lowry Watkins and Moon. It is not made to appear that the corporation was organized for the purpose of shielding Turley and Bullington from obligations on their personal contract or liabilities, or that it has been improperly operated to effectuate such purpose. At the time of the transaction appellant Watkins knew or could have known all the facts alleged except perhaps the alleged inaccuracies of the audit, and with this knowledge appellant accepted the personal guaranty of Turley and Bullington. The corporation was not organized to nor has it in fact deprived him of any remedy he has as against the guarantors.

The court would not be authorized to disregard the corporate entity merely because of inconvenience to appellant in pursuing his remedy against its stockholders on their individual contract. Our conclusion is that the allegations are not sufficient to bring this case within the exception to the general rule of corporate entity, and it follows that the court did not err in sustaining the demurrer to the pleading.

Judgment affirmed.