## May v. Sullivan.

June 22, 1945.

M. C. Begley for appellant.

Will C. Hoskins and Bailey P. Wootton for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

In his petition as amended W. P. Sullivan sought an order of delivery for a diesel engine alleged to be worth $2,500, a boiler and engine alleged to be worth $500 and a complete sawmill averred to be of the value of $4000, all of which personal property the appellee averred belonged to him individually and that the same was being unlawfully detained by appellant, R. R. May, doing business as the May Hardwood Company.

The answer as amended was a traverse followed by an affirmative plea that appellant entered into a written contract with the Sullivan Hardwood Company, Incorporated, whereby the latter agreed to manufacture certain timber on the land of appellant, which contract gave appellant the right to take possession of the Sullivan Company's equipment and to manufacture the timber in the event it failed to perform the contract. That the Sullivan Company did fail in its undertaking and surrendered the above-mentioned machinery to the appellant; that appellee's claim of private ownership of this equipment was a subterfuge and a fraud and that the same was owned by the Sullivan Hardwood Company.

A jury trial resulted in a verdict for appellee and the court sustained appellant's motion for a new trial in reference to all the equipment except the diesel engine and adjudged that appellee was entitled to possession of it. Both parties excepted to the judgment and both prayed an appeal. The appeal was prosecuted by May and as an immediate appeal cannot be taken from an order granting a new trial but is held in abeyance pending a second trial and a final disposition of the case, appellee cannot be heard to complain at this time. Northcutt v. Nicholson, 246 Ky. 641, 55 S. W. 2d 659; Murphy v. Harmon, 291 Ky. 504, 165 S. W. 2d 11.

The sole question relied upon for reversal in appellant's brief is that the court erred in overruling his motion for a directed verdict. As we understand appellant's position, he does not contend that the evidence

conclusively shows the equipment in controversy was the property of the Sullivan Hardwood Company and that there was no evidence justifying the court to submit to the jury the question of whether or not the equipment was the property of that company or belonged to Sullivan individually; but appellant insists that as the Sullivan Hardwood Company was a family corporation with all the stock owned by Sullivan, his wife and sister, the court should have held as a matter of law that the equipment used by the corporation in its business was its property, regardless of whether the legal title was in it or Sullivan, since the corporation was but Sullivan's alter ego.

It is well settled in this jurisdiction that a corporation is a legal entity and exists separate and distinct from its stockholders and officers and irrespective of the individuals who own its stock, although courts will not be blinded by mere form and will see the substance and refuse to recognize separate entities when an individual is using a corporation as a shield against his fraudulent acts. Lowry Watkins Mortg. Co. v. Turley-Bullington Mortg. Co., 248 Ky. 285, 58 S. W. 2d 591; Com. v. Muir, 170 Ky. 435, 186 S. W. 194; Fayette Realty & Finance Co. v. Com., 229 Ky. 556, 17 S. W. 2d 722; Board of Tax Supervisors v. Baldwin Piano Co., 296 Ky. 673, 178 S. W. 2d 212.

An examination of this record shows the original contract of September 9, 1942, the supplemental contract of March 15, 1943, as well as the acceptance of the terms of a letter dated December 23, 1942, were all signed "Sullivan Hardwood Company, Inc., by Wm. P. Sullivan," and in the last-mentioned instrument Sullivan signed as president of the corporation. There can be no doubt that May understood his contract was with the corporation and not with Sullivan. May testified that he purchased all the equipment in controversy except the diesel engine, and charged it to the Sullivan Hardwood Company but that he knew nothing about the purchase of the diesel. Sullivan's testimony is to the effect that he individually purchased the diesel (as shown by bill of sale he filed as an exhibit with his testimony) for the purpose of operating a stave mill, and during his absence May's foreman ordered Sullivan's foreman to put the diesel in with the other equipment which the Sullivan

Hardwood Company was using on the job under its contract with May.

In the circumstances shown in this record it cannot successfully be contended that Sullivan was' using the corporation as his alter ego or as a shield to perpetrate a fraud on May. Sullivan was president of this small corporation and as the proof shows he individually, and not the corporation, owned the diesel engine, the court did not err in letting the verdict stand as to it and in entering a judgment that Sullivan was entitled to the possession of the diesel. The corporation, with whom May contracted and Sullivan, individually, are separate and distinct entities and even though Sullivan was president of the corporation, his individual property cannot be subjected to the corporation's obligations.

The judgment is affirmed.