## DUFF v. PERRY COUNTY.

Court of Appeals of Kentucky.
March 20, 1953.

Rehearing Denied June 5, 1953.

Don A. Ward, Hazard, for appellant.

Tolbert Combs and B. W. Baker, Hazard, for appellee.

DUNCAN, Justice.

The appellant, Charlie Duff, who was jailer of Perry County, Kentucky, from January, 1942, until January, 1950, instituted this action against the county to recover $3,736, which he alleged was the balance due him for statutory fees of $2 per day for waiting upon county, quarterly, and fiscal courts for 2,416 days during the eight-year period. The county's answer, denied the performance of the services.

The action had been assigned for trial before the court on oral testimony on some two or more occasions preceding the November, 1951, term of the Perry Circuit Court, but was not reached because of the crowded condition of the docket. At the November, 1951, term, an order was entered extending the term to and including January 5, 1952, which was the last day of the term of Honorable S. M. Ward, the retiring judge of that court. On January 2, 1952, during the extended term, an order was entered setting the case for trial for January 4, 1952. Notice of this order was received by the county attorney on the morning of January 4. The county attorney appeared and protested the hearing on account of the inadequacy of the notice, but the court announced that he was going to complete the case before the expiration of his term. The hearing continued through January 4, and the plaintiff concluded his proof about 3:00 p. m., on January 5, 1952. The county offered no proof because, as the affidavit of the county attorney discloses, there had been insufficient time to procure the presence of its witnesses. The court thereupon entered judgment against the county for $1,302.

At the following term of court which commenced on February 17, 1952, the county filed its motion to set aside the judgment. The motion was sustained and the judgment was vacated by an order entered on March 14; 1952. It is from the latter order that this appeal is prosecuted.

Although the county's motion does not specifically indicate under which section of the Code it is proceeding, we regard the motion as coming within the provisions of Section 518, Civil Code of Practice. As a preliminary matter of procedure, it may be noted that an order vacating a judgment after the term at which it was rendered pursuant to Section 518, Civil Code of Practice, is a final order and appealable, although an order entered at the judgment term vacating a judgment and granting a new trial under Section 340, Civil Code of Practice, is not appealable and may not be reviewed until after a final judgment

disposing of the case on its merits. Davidson v. Richmond, 196 Ky. 553, 245 S.W. 1.

 Under the facts which we have related, we are unable to justify the summary manner in which this case was rushed to trial and judgment. No emergency was present or anticipated which made it imperative that a trial be held before the expiration of Judge Ward's term. The fact that the case had been previously assigned for trial on other dates is entirely beside the point. The county was entitled to a reasonable opportunity to prepare its case and procure the attendance of its witnesses. On the record before us, we think the court was justified in vacating the judgment.

The judgment is affirmed.