**Barbara WHITE et al., Appellants,**

v.

**HARDIN COUNTY BOARD OF EDUCATION, Appellee.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Hatcher & Lewis, Elizabethtown, Dailey & Fowler, Frankfort, for appellants.

Woodward, Hobson & Fulton, Louisville, L. A. Faurest, Jr., Elizabethtown, for appellees.

CLAY, Commissioner.

We have before us a procedural question arising on appellees' motion to dismiss the appeal because of a deficient notice of appeal.

This is an automobile accident case involving several parties. The final judgment, entered on February 11, 1957, dismissed plaintiff appellants' complaint against two of the defendants. A motion for a new trial was filed by plaintiffs on the ground the court erroneously directed a verdict for these two defendants. By order entered May 27, 1957, this motion was overruled.

Thereafter plaintiffs filed a timely notice of appeal to the Court of Appeals. The notice recited that plaintiffs appealed *"from the order entered May 27, 1957 overruling (their) motion for a new trial against the defendants * * *."*

CR 73.03 specifies that the notice of appeal "shall designate the judgment or part thereof appealed from".

An order overruling a motion for a new trial, made pursuant to CR 59.01, is not a final order and is not appealable. Cornett v. Wilder, Ky., 307 S.W.2d 752; Clay, CR 59.01, Comment 4; Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 215 F.2d 781; Greenwood v. Greenwood, 3 Cir., 224 F.2d 318. Thus plaintiffs did not, in their notice of appeal, designate an appealable judgment.

To raise on appeal the error of the court in directing a verdict, it was not necessary that plaintiffs file a motion for a new trial. CR 59.06; Cornett v. Wilder, Ky., 307 S.W.2d 752; Clay, CR 59.06, Comments 1 to 3. However, the filing of such motion suspended the finality of the February 11 judgment until the motion was ruled on by order of May 27. See CR

73.02(1). This order simply confirmed the decision reached in the original judgment. It is clear that the only adverse ruling plaintiffs seek to have reversed is the directed verdict for defendants, which was the basis of the February 11 judgment and the basis of the motion for a new trial.

We are not confronted with the total failure of a party to comply with a procedural rule such as was the situation in United Mine Workers of America, District No. 23 v. Morris, Ky., 307 S.W.2d 763. What we have here is inadequate compliance.

A similar question was presented, though a final judgment had not been entered, in Milton v. United States, 120 F.2d 794. Therein the Fifth Circuit Court of Appeals declined to dismiss the appeal even though the appellant had mistakenly designated the order overruling his motion for a new trial as the judgment appealed from. The same ruling was made in Sun-Lite Awning Corp. v. E. J. Conklin Aviation Corp., 4 Cir., 176 F.2d 344, and Atlantic Coast Line R. Co. v. Mims, 5 Cir., 199 F.2d 582.

In Armstrong v. McGuire, Ky., 283 S.W. 2d 366, 367, a notice of appeal was held sufficient which recited that the appeal was taken "from the judgment and order overruling motion and grounds for new trial entered in this action on June 7, 1954".

We have considered the cases of Peterman v. Indian Motorcycle Co., 1 Cir., 216 F.2d 289, and John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 3 Cir., 239 F.2d 815, wherein it was held that under certain circumstances an order overruling a motion for a new trial is final and appealable. We are not inclined to follow these cases because they involve fundamentally the question of *reviewability* of the order and tend to create unnecessary confusion.

It is our view that an order either sustaining or denying a motion for a new trial authorized by CR 59.01 and 59.02 is not a final order and is not appealable as such, though it may be reviewed on appeal from the final judgment. (An order denying a motion for a new trial under CR 60.02 is appealable because the motion under that rule in effect initiates a new proceeding.)

We must condemn the notice in the present case because the order of May 27 was not an appealable order. However, we take judicial notice that all Kentucky lawyers do not know this, and some confusion has existed on the subject. For this reason, and in view of the fact that plaintiffs made a good faith attempt to appeal from the adverse ruling which was incorporated in the final judgment, we find a substantial compliance with CR 73.03.

Attention is called to the fact that careless practice, constituting failure to comply properly with the Rules of Civil Procedure and the Rules of this Court, has recently taken a substantial portion of our time and consideration which should be devoted to hearing appeals on their merits. This is an unnecessary imposition on the Court and may result in hardship for litigants and embarrassment to attorneys. See United Mine Workers of America, District No. 23 v. Morris, Ky., 307 S.W.2d 763.

Appellate practice is a science. Members of the legal profession are required to know and to carefully comply with the rules pertaining thereto. As we have recently said in City of Louisville v. Christian Business Women's Club, Ky., 306 S.W.2d 274, 277:

"Rules of Procedure must be followed and cannot be ignored. If they are ignored in one case they could be ignored in all, which would result in the abolition of rules of procedure and chaos would result."

Though we do not approve the practice in the present case, we believe there was sufficient substantial compliance with CR 73.03 to warrant our consideration of this appeal on its merits.

Appellees' motion to set aside our order of July 29, 1957, consolidating this appeal with another, is overruled; and appellants' motion to amend the statement of appeal is overruled.

Appellees' motion to dismiss the appeal is overruled.