**Willis CORNETT, Appellant,**

v.

**Dorothy L. WILDER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

J. B. Johnson, Harlan, for appellant.

James S. Greene, Jr., Harlan, for appellees.

STANLEY, Commissioner.

This joint action was instituted by Mrs. Dorothy L. Wilder and Mrs. Mary Wilder, a guest in the former's car, against Willis Cornett for damages resulting from a collision of automobiles. Cornett, in addition to his defenses, filed a counterclaim for damages against Dorothy L. Wilder. A verdict was returned finding Dorothy L. Wilder and Willis Cornett "equally guilty

of negligence and find for neither the plaintiff or the defendant and award the plaintiff, Mary Wilder, the sum of $936.42 for damages against the defendant, Willis Cornett." The judgment was duly entered in accordance with the verdict.

The plaintiff, Mary Wilder, filed a motion for a new trial upon the ground that the verdict in her favor was only for hospital and medical expenses incurred and did not include any award for pain and suffering. The defendant, Willis Cornett, filed a motion for a new trial setting forth several alleged errors, one of which was the denial of a directed verdict in his favor. He also filed a motion for a judgment notwithstanding the verdict.

The court sustained Mary Wilder's motion, set aside the verdict as it related to her and granted her a trial, to be confined to the sole issue of the amount of damages she is entitled to recover of Cornett. The court overruled Cornett's motions. He appeals from this latter order as is specifically stated in his Notice of Appeal filed below and his Statement of Appeal filed in this court as against Dorothy L. Wilder. He has also filed a motion for an appeal from the order granting Mary Wilder a new trial.

The condition is this: Cornett has standing against him (1) a judgment of his negligence and no award on his claim for damages against Dorothy Wilder, and (2) a judgment of liability to Mary Wilder with the amount yet to be ascertained on another trial.

For the purpose of this opinion we treat the motion for an appeal from the order awarding Mary Wilder a new trial as if it were sustained.

■ The appeals are not from the primary judgment but from the subsequent orders. An order granting a new trial is not appealable for it is not a final judgment, since it does not divest anyone of a right or terminate the litigation. By such an order both parties are placed in their original position. May v. Sullivan, 300 Ky. 321, 188 S.W.2d 469; Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 249 S.W.2d 52. The present order also overruled the defendant's motion for a new trial on his counterclaim against Dorothy L. Wilder and on the verdict and judgment against him in favor of Mary Wilder to the extent that the defendant was adjudged to have been negligent and liable to her for some damages yet to be ascertained. But there is no complete judgment against the defendant on Mary Wilder's claim.

■ Under the current practice and procedure a motion for a new trial is not necessary to preserve for appellate review such errors as are claimed to have been committed before or during the trial. Clay, CR 59.01, comment 1. And while there can be no appeal from an order denying a new trial, the unsuccessful party may appeal from the adverse judgment and have reviewed the propriety of the order denying a new trial. Clay, CR 59.01, comment 4. Such are the rules where the case does not involve judgments on multiple claims. In the present case we have such multiplicity of claims and only a part of them have been finally adjudicated.

■ Civil Rule 54.02 provides that when more than one claim for relief is presented in an action, "the court may grant a final judgment upon one or more but less than all of the claims only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The underlying reason for the rule is to prevent staggered appeals or piece-meal proceedings in the appellate court. Linkous v. Darch, Ky., 299 S.W.2d 120; Derby

Road Bldg. Co. v. Louisville Gas & Electric Co., Ky., 299 S.W.2d 122. For an interesting and instructive article on "The Significance of Rule 54.02," by Judge Watson Clay, Commissioner of this Court, see Vol. 21, Kentucky State Bar Journal, September, 1957 issue, page 195.

The primary judgment in this case did prima facie adjudicate all claims, but it was tentative and interlocutory until the motions for a new trial were acted upon. Part of that judgment was vacated by the subsequent order so that in the end it was the same as if the court had originally adjudicated or determined less than all of the multiple claims. Now, the rule provides that upon a determination of only a portion of the claims for relief presented in the case the judgment may recite the finality of such part and that there is no just reason for delaying its termination pending adjudication of other claims. When that is done the partial judgment becomes appealable. The rule further provides that in the absence of such a statement none of the judgment is reviewable. Clay, CR 54.-02, comment 2 and 3.

In the present case Mary Wilder's claim is clearly separate and distinct from Dorothy Wilder's claim and Cornett's counterclaim against her, although arising from the same accident. In the absence of any recitation of finality of the judgment of Dorothy Wilder's claim and the defendant's counterclaim, the entire order and judgment must be deemed interlocutory and, therefore, not appealable. Ford Motor Co. v. Busam Motor Sales, 6 Cir., 185 F.2d 531. Since the judgment is not appealable the right of review is held in abeyance pending the second trial of Mary Wilder's case and until there is a final disposition of the entire case. Clay, CR 59.01, comment 4, 1957 Suppl.

However, under the circumstances we think it would be proper for the trial court to enter an order in the Dorothy Wilder case reciting the finality of that part of the judgment as is provided in CR 54.02, and that would make it appealable before final disposition of the Mary Wilder claim for damages. Ohlinger's Federal Practice, Vol. 3-A, Rule 54, page 273.

Accordingly the appeals are dismissed as premature.