**Orbin HARDIN, Appellant,**

v.

**Roy WADDELL, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1958.

Prince, Asher & Prince, Benton, for appellant.

Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellee.

MONTGOMERY, Judge.

Orbin Hardin sued Roy Waddell for damages alleged to have resulted from personal injuries sustained. The first trial resulted in a hung jury. Hardin received a verdict for $2,800 on the second trial. This verdict was set aside and a new trial was granted on Waddell's motion. The jury found for Waddell on the third trial.

Hardin appeals from the order granting the new trial. The notice of appeal dated June 10, 1957, recites that the appeal is being taken "from the order of the Livingston Circuit Court entered June 8, 1956, in which order the verdict of the jury was set aside and the defendant granted a new trial". Appellant's brief discusses only the reasons assigned by the trial court for granting the new trial. No complaint is made concerning any irregularity on the third trial. No appeal is sought from the judgment entered following the third trial.

The rule is that an order either sustaining or denying a motion for a new trial authorized by CR 59.01 is not a final order and is not appealable as such, though it may be reviewed on appeal from the final judgment. This rule does not apply to an order denying a motion for a new trial made under CR 60.02. Clay, CR 59.01, Comment 4; Cornett v. Wilder, Ky., 307 S.W.2d 752; White v. Hardin County Board of Education, Ky., 307 S.W.2d 754; Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 215 F.2d 781; Greenwood v. Greenwood, 3 Cir., 224 F.2d 318. This question is discussed fully in the White case.

The notice of appeal was filed one year and two days after the entry of the order from which appellant sought to appeal. An appeal may be taken by filing a notice of appeal thirty days after the entry of the judgment appealed from unless the time is extended. There was no extension in this case. The filing of the notice of appeal within the time limit prescribed is mandatory and jurisdictional, and the appeal must be dismissed if the appellant fails to comply. CR 73.02; Electric Plant Board of City of Hopkinsville v. Stephens, Ky., 273 S.W.2d 817.

The appeal is dismissed.