**Horace B. HACKNEY, Appellant,**

v.

**Louise W. HACKNEY, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

Rehearing Denied Oct. 16, 1959.

Murray L. Brown, Roy E. Tooms, Jr., William J. Weaver, London, for appellant.

Calvert C. Little, London, for appellee.

CULLEN, Commissioner.

Horace B. Hackney is attempting to appeal from a judgment of October 1958, which set aside a previous judgment of January 1958 and reopened the case "for further consideration, hearing and adjudication." The appellee has moved to dismiss the appeal on the ground that the October 1958 judgment is not a final judgment and therefore is not appealable.

The action is one for divorce. It was commenced in January 1948 by the appellee, Louise W. Hackney, against her husband, Horace. In December 1948 a judgment was entered granting Louise a divorce and awarding her permanent custody of a daughter, with a support allowance, but the judgment reserved the question of permanent custody of a son and also reserved the questions of alimony and restoration of property. In 1951 the judgment was amended to remove the requirement that Horace pay a support allowance for the daughter, since she had married. In July 1953 an order was entered that the case continue to be practiced under the Civil Code of Practice. Thereafter no steps were taken in the action until January 2, 1958, when apparently without notice to Louise, judgment was entered disposing of all the questions reserved in the 1948 judgment. This judgment denied alimony to Louise, directed her to surrender possession of the family home in which she had been living in accordance with a temporary provision of the 1948 judgment, and in other respects was adverse to her.

In February 1958 Louise filed a motion to set aside the January 1958 judgment, alleging surprise, lack of notice, misconduct of opposing counsel, unavoidable casualty and misfortune. Reference was made in the motion to CR 60.02. The motion was

resisted by Horace. In April 1958, while the above motion was still pending, Louise brought an independent action to set aside the January 1958 judgment, alleging deceit and fraud. The court ordered that the motion and the independent action be "consolidated for hearing and decision thereon," and by a later order the two proceedings were submitted together "for judgment." In October 1958 judgment was entered setting aside the January 1958 judgment, reopening the case for reconsideration of the questions of alimony, support, and restoration of property, and allowing time to each party for the taking of proof on these questions. The instant appeal is from the latter judgment.

As we view it, the question is whether an order or judgment, in proceedings under CR 60.02, setting aside a prior judgment and reopening the case for further trial, is such a final order or judgment as to be appealable. There would not seem to be any basis for a differentiation between a setting aside by order on a motion and one by judgment in an independent action. At least there is no such basis here, because the judgment of setting aside was entered upon a consolidation of a motion and an independent action. Nor do we think it material that there was an order entered in the original divorce action that it be practiced under the former Civil Code of Practice, because we see no basis for a different rule, if the proceeding to set the judgment aside be treated as one under Section 518 of the former Civil Code of Practice, than if it be treated as one under CR 60.02.

Under the text authorities on the Federal Rules, 28 U.S.C.A., and under decisions of the Federal Courts, it is held that an order or judgment in a proceeding under Rule 60(b), setting aside a judgment and directing further proceedings in the case, is not appealable, because it does not finally determine any claim. Moore's Federal Practice, Second Edition, Vol. 7, par. 60.30(3), p. 342; Barron & Holtzoff, Federal Practice and Procedure, Rules Edition,

Vol. 3, sec. 1332, p. 434; Stathatos v. Arnold Bernstein S. S. Corp., 2 Cir., 202 F.2d 525; United States v. Agne, 3 Cir., 161 F.2d 331.

This Court was committed to the view that an order setting aside a judgment, in proceedings under Section 518 of the former Civil Code of Practice, was appealable. See Duff v. Perry County, Ky., 257 S.W.2d 900; Davidson v. Richmond, 196 Ky. 553, 245 S.W. 1. However, upon a reconsideration of the question we have concluded that this view was unsound, and that the opposite view, taken by the federal authorities, is the correct one.

It appears that the decisions under Section 518 all were rested upon McCall v. Hitchcock, 7 Bush 615, wherein the court said that an order setting aside a judgment was final and appealable because the order was not subject to being set aside by the lower court at a subsequent term. However, in more recent cases this court, in determining whether an order is final, has not applied the test of controllability of the order by the lower court, but rather the test of whether the order grants or denies the ultimate relief sought in the action or requires further steps to be taken in order that the parties' rights may be finally determined. See Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 249 S.W.2d 52. Applying the latter test, an order setting aside a judgment and granting a new trial is not final. The considerations are the same as with respect to an order granting a new trial under CR 59.01, which is held not to be appealable. See Hardin v. Waddell, Ky., 316 S.W.2d 367.

■ We hold that the judgment here in question, not being final because it does not finally determine any claim, is not appealable.

■ To avoid possible misinterpretations, we point out that an order *denying* relief under CR 60.02 involves different

considerations, and *is* appealable. Hardin v. Waddell, Ky., 316 S.W.2d 367.

The *motion to dismiss the appeal is sustained and the appeal is dismissed.*

BIRD, J., not sitting.

EBLEN, J., dissents, being of the opinion that because the case was ordered to be practiced under the Civil Code, an appeal should be allowed in accordance with the former decisions under Section 518.