**Myrtle BALLARD, Appellant,**

v.

**Stephen E. KING, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1963.

Rehearing Denied Jan. 17, 1964.

Ben Hanish (Hanish & Hanish), Louisville, for appellant.

Lively M. Wilson (Stites, Wood, Peabody & Helm), Louisville, for appellee.

STANLEY, Commissioner.

The appellant, Mrs. Myrtle Ballard, a passenger in an automobile driven by her daughter, was severely injured when a car driven by the appellee, Stephen E King, ran into the rear of the automobile, and it, in turn, collided with a vehicle which had stopped in front of it. The defendant, now appellee, judically admitted liability in the action for damages. There were two trials, in both of which only the question of damages was submitted.

The verdict on the first trial was for $14,000, and judgment was entered thereon. On the defendant's motion, the verdict and judgment were set aside on the ground of excessiveness and a new trial ordered. On that trial the verdict and judgment were for $5,000.

The plaintiff moved the court to grant her a new trial "and/or reinstate" the first verdict. The grounds of the motion were

general and indefinite but contained allegations of inadequacy of the damages and error in instructing the jury. The motion was overruled, and the plaintiff has duly filed an appeal from that judgment. The evidence on both trials is brought up.

Under present procedure, where a judgment has been vacated, the order granting the new trial is regarded as interlocutory and reviewable on the appeal from the second judgment. Clay, CR 59.01, Comment 4; Cornett v. Wilder, Ky., 307 S.W.2d 752; White v. Hardin County Board of Education, Ky., 307 S.W.2d 754; Hardin v. Waddell, Ky., 316 S.W.2d 367.

The accident occurred on Dixie Highway in the suburbs of Louisville in the afternoon of December 28, 1958. When the automobile, driven by the defendant, a young man of sixteen years, who admittedly was not keeping a lookout for traffic ahead, rammed into the car in which the plaintiff was riding, it was as stated, knocked into an automobile ahead of it. The violent impact threw the plaintiff against the instrument panel. She was removed from the wreckage by police officers and taken to the city's general hospital in an ambulance. She was found to have sustained severe back, chest and other injuries. Prior to the accident Mrs. Ballard had lost the sight in her right eye, and at the hospital glass was removed from her left eye. She lay immobilized on a hospital table for a considerable period of time, suffering from pain in her eye, chest and back. An X-ray revealed a compression of a vertebra, or a lumbar fracture, or broken back. She was removed to another hospital and was confined there for about a week. She then stayed at her daughter's home for several weeks, most of the time in bed. Her daughter, who lived nearby, took her mother to the hospital in a wheelchair from time to time for further treatment.

The plaintiff was required to wear a steel brace for a period of six months and afterward to wear a special corset and support up to the time of the first trial, which was thirteen months after the accident. Before these injuries were sustained, the plaintiff, a 67-year-old widow, who lived in Hickman, Kentucky, was in good health, did her own housework, washed windows, mowed her yard and otherwise led an active life. During the intervening thirteen months the plaintiff had improved enough to do light housework but nothing heavy.

The plaintiff's orthopedic surgeons described her injuries in detail. One of them expressed the opinion that she had suffered permanent injury and would have periodic pain and probable need to wear a brace on occasion and require future medical attention. The other doctor was not asked as to the permanency of the injuries. Another orthopedic surgeon examined the plaintiff on the request of the defendant a year after she was injured. He found some tenderness in her back and stated she complained of pain when she stooped over and at night. His X-ray showed a compression and "slight irregularity" in her vertebra, but he regarded her recovery as "quite satisfactory." She carried her right shoulder higher than her left. This doctor also expressed the opinion that the plaintiff's back injury was permanent.

The evidence on the second trial, held eighteen months after the accident, confirmed the plaintiff's continuing suffering and the permanency of her injuries.

In Field Packing Company v. Denham, Ky., 342 S.W.2d 524, we commented on the difficulty of determining the amount of damages which an injured party is entitled to recover. In that opinion we observed:

"So, there is no mathematical formula by which an appellate court or a trial court may determine whether a verdict of damages for personal injuries is excessive. The determination depends upon the facts of the particular case and what compensation has been held in other like cases to be fair and reasonable for similar injuries, giving consideration to changed

economic conditions since the precedents were established."

 We also took note of the time-honored general criterion that a verdict will be regarded as excessive when "at first blush" it "strikes the judicial conscience as being grossly excessive." Our previous decisions serve as a precedential rule, but the conditions, of course, are different and varied in each case. In the present case the trial court regarded the verdict of $14,000 as excessive. We often recognize the broad discretion of the trial court in setting aside a verdict and our reluctance to disturb its action and hold there was an abuse of discretion—not in the sense of arbitrariness or a practical denial of justice, but as signifying a conclusion which this court, as one of appellate review, considers clearly erroneous. Cf. Harvey Coal Corp. v. York, 252 Ky. 605, 67 S.W.2d 977; Kentucky National Park Commission ex rel. Commonwealth v. Russell, 301 Ky. 187, 191 S.W.2d 214. Our conclusion is that in this case the trial court was in error in setting aside the first verdict on account of excessiveness.

It is unnecessary to consider other contentions of error.

Before closing the opinion we are impelled to say that the charges of unfairness and misbehavior on the part of the trial judge, filed in connection with his sustaining the motion for a new trial and repeated here, are so disrespectful and lacking in substantiality as to constitute professional misconduct bordering on contempt. And we may note that the eighty-page typewritten brief filed by the appellant in this court fails to comply with the manner and form required by our Rule 1.210. The brief is prefaced with what is substantially only a table of contents and overcitation of authorities. It does not specifically state or clearly point out the alleged errors which the attorneys contend entitle their client to a reversal of the judgment. We refer the attorneys to 5 C.J.S. Appeal and Error §§ 1322, 1324–1327, for a full treatment of the essentials and fundamentals of a proper brief. The court has been very lenient in applying its rules relating to the manner and form of briefs, but we have often observed that we will confine ourselves to those errors pointed out in the briefs and will not search the record for errors on which to reverse a judgment. Here we refrain from striking the appellant's brief with leave to file a proper one only because the case has been pending for some time on account of the crowded docket.

The judgment of July 28, 1960, is reversed with directions to reinstate the first verdict and judgment of date January 13, 1960.

Judgment reversed.