# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 18, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0080-MR

GARY R. WOOLBRIGHT                                APPELLANT

V.              ON APPEAL FROM COURT OF APPEALS
NO. 2022-CA-1121
BARREN CIRCUIT COURT
NO. 01-CR-0414

HONORABLE JOHN T. ALEXANDER,            APPELLEE
JUDGE, BARREN CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY          REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This is an appeal from the Court of Appeals' decision denying a writ of prohibition sought by Gary Woolbright after the Barren Circuit Court denied his CR 60.02 motion without conducting a new factual review of his allegations. The trial court ruled that Woolbright's CR 60.02 motion raised issues that had previously been raised on direct appeal or collateral attack and was successive, which is prohibited by the Civil Rules.[1] The trial court declared its ruling was a final and appealable order. Instead of appealing, Woolbright

---

[1] That Woolbright has previously litigated a CR 60.02 motion is not in doubt. *Woolbright v. Commonwealth,* No. 2018-CA-001503-MR, 2020 WL 114592 (Ky. Ct. App. Jan. 10, 2020).

sought a writ of prohibition. The Court of Appeals declined to issue the writ, noting that Woolbright had an adequate remedy by appeal.

A writ of prohibition may issue upon showing "that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). "[T]he lack of an adequate remedy by appeal is the one requirement that is set in stone and unavoidable." *Gilbert v. McDonald-Burkman*, 320 S.W.3d 79, 85 (Ky. 2010). "Our case law recognizes that an order denying a motion for a new trial under CR 60.02 is final and appealable." *Violett v. Grise*, 664 S.W.3d 481, 484 (Ky. 2022) (citing *Hackney v. Hackney*, 327 S.W.2d 570, 571-72 (Ky. 1959); *Hardin v. Waddell*, 316 S.W.2d 367 (Ky. 1958)).

"That Appellant has an adequate remedy by appeal is alone sufficient grounds to deny him the writ he seeks." *Gilbert*, 320 S.W.3d at 85. The Court of Appeals' decision was not an abuse of discretion and is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Gary R. Woolbright, *pro se*

APPELLEE:

Hon. John T. Alexander
Barren Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Russell M. Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General